MARTIN *et al. v.* SLAGLE *et al.*

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

Johnson & Johnson, of Knoxville, for appellants.

W. O. Lowe, of Knoxville, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

From a decree sustaining a demurrer to the bill herein the complainants have appealed.

The bill averred that Thomas W. Martin and Harold T. Martin were residents of Illinois, doing business in Knox County, Tennessee, as a partnership under the trade-name of Martin Oil Company. That one McDaniel was their chief agent in Knox County, Tennessee, and had control and possession of all their personal property.

It is further averred that defendant Slagle, a resident of Knox County "was plaintiff in a civil action entitled *Walter Slagle* v. *The Martin Oil Company,* No. 8846 upon the Rule Docket in the Circuit Court of Knox County, Tennessee." That defendant Slagle had procured a *fieri facias* and had the same placed in the hands of an officer. That said writ stated it was issued to satisfy a money judgment rendered in the case of Walter Slagle against

Martin Oil Company for $75 in the Circuit Court of Knox County and that the officer had levied on certain property of complainant in Knox County and was threatening to subject said property to sale for the satisfaction of the execution.

The bill then alleged that neither of the complainants had ever been made a party to any suit against them by said Slagle and that no valid judgment had ever been pronounced against them in any such suit. That defendant Slagle did institute a suit against Martin Oil Company, describing it as an Illinois corporation, that process in said suit was attempted to be served on McDaniel as the highest officer in Knox County, Tennessee, of Martin Oil Company, a corporation, and that a judgment rendered against the corporation in that case. That McDaniel was not at the time the agent of any corporation named Martin Oil Company, and complainants aver upon information and belief that there is no such corporation doing business in Tennessee as Martin Oil Company.

It will be observed from the foregoing that there is no allegation that the firm doing business as Martin Oil Company had a meritorious defense against the claim of Slagle. It will be further observed that there is no allegation that the partners were without knowledge of Slagle's suit and there is no allegation that they made no appearance in said suit. The allegations of the bill merely are, apart from denying the corporate entity of Martin Oil Company, that neither of the partners was ever made a party to Slagle's suit.

Such being the contents of the bill, we are not willing to say the chancellor improperly declined to award the injunction herein sought.

It is true, under authority of *Knox Bros.* v. *E. W.*

*Wagner & Co.*, 141 Tenn., 348, 209 S. W., 638, and other cases, that a nonresident partnership cannot be brought into the Tennessee courts by service of process on their resident agent under sections 8667-8669 of the Code as a corporation might be made a party.

▪ It is also true in Tennessee, without any showing of merit, that an injunction may issue to restrain the enforcement of a judgment obtained in a suit against parties who are not served with process, made no appearance in the suit, and had no notice thereof. *Ridgeway* v. *Bank of Tennessee*, 30 Tenn. (11 Humph.), 523; *Bell* v. *Williams*, 38 Tenn. (1 Head), 229; *Wooten* v. *Daniel*, 84 Tenn. (16 Lea), 156. The majority rule is to the contrary. 3 Freeman on Judgments, Fifth Edition, p. 2468; 34 C. J., 445. And see Judge Cooper's note to *Ridgeway* v. *Bank of Tennessee, supra.*

▪ In all the decisions of this court cited above it distinctly appears that the party seeking relief against an adverse judgment had made no appearance in the suit in which the judgment was obtained and indeed had no knowledge of such proceedings. Neither of these things appear in the bill before us. As a matter of fact, the bill concedes that service of process in the suit at law was had upon McDaniel, the local agent of the partnership, and the inference is fair that the partners were fully advised thereof.

The bill herein seems rather carefully to avoid any averment of lack of knowledge of Slagle's suit and lack of appearance therein and contains no averment of a good defense to that suit. Under such circumstances, we think the complainants were not entitled to an injunction.

▪ If there was an appearance, the description of Martin Oil Company as a corporation instead of a part-

nership was merely a case of misnomer and any point on this should have been made by plea in abatement. *Hunter* v. *Swadley*, 141 Tenn., 156, 207 S. W., 730; *Young* v. *South Tredegar Iron Co.*, 85 Tenn., 189, 2 S. W., 202, 4 Am. St. Rep., 752.

The decree of the chancellor is affirmed.