**TENNESSEE RUBBLE STONE COMPANY, INC., Complainant-Appellant,**

v.

**Paul M. DOTSON and Ola Harris, Sheriff of Rhea County, Tennessee, Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section.

Feb. 22, 1972.

Certiorari Denied by Supreme Court
May 15, 1972.

O. W. McKenzie, Dayton, for complainant-appellant.

William G. McPheeters, Dayton, for defendants-appellees.

CARNEY, Presiding Judge.

In this opinion it is important to note first that two different corporations with similar names are involved: (1) Tennessee Rubble Stone Company, Inc., complainant herein; and (2) Tennessee Rubble Stone, Inc., not a party to this suit but a party to a suit in Circuit Court of Rhea County involving Workmen's Compensation.

The complainant below, Tennessee Rubble Stone Company, Inc., has appealed from a decree of the Chancellor dismissing its original bill for injunction against the collection of an execution against complainant issued by the Circuit Court of Rhea County in favor of the defendant, Paul M. Dotson. The execution was based on a judgment in the Circuit Court against a different corporation, namely Tennessee Rubble Stone, Inc.

Complainant Tennessee Rubble Stone Company, Inc., contended in the Court below and in this Court that since Tennessee Rubble Stone, Inc. was a separate corporation and judgment was rendered against such corporation, the execution on said judgment against the complainant, Tennessee Rubble Stone Company, Inc., was void.

Tennessee Rubble Stone, Inc., not a party to this suit, was incorporated on November 16, 1956, in the office of the Secretary of State, Nashville, Tennessee. Its principal place of business was Dayton, Rhea County, Tennessee. On October 26, 1963, said corporation conveyed all of its assets including a farm to Glenn C. Crawley, Marie N. Crawley and Margaret Crawley. This corporation ceased to do business after October 26, 1963, but its charter was never surrendered.

A new corporation, the complainant herein, Tennessee Rubble Stone Company,

Inc., was organized and chartered of date October 2, 1964, with its principal place of business in Dayton, Rhea County, Tennessee. Several stockholders and officials of the old corporation are stockholders and officials of the present corporation, complainant herein, Tennessee Rubble Stone Company, Inc.

The complainant corporation has been operating the same type business as was formerly done by its predecessor, Tennessee Rubble Stone, Inc. The principal business of each corporation was the procurement, preparation and subsequent sale of building stone.

Plaintiff Dotson was injured on April 12, 1966, and brought suit in the Circuit Court of Rhea County to recover Workmen's Compensation payments. By mistake, he made as party defendant Tennessee Rubble Stone, Inc. which corporation was then no longer in business. He should have made Tennessee Rubble Stone Company, Inc., the present complainant, a party defendant, it being the only corporation of similar name doing business in Rhea County.

Glenn Crawley, an official of the second corporation, Tennessee Rubble Stone Company, Inc., complainant herein, was served with process as an official of Tennessee Rubble Stone, Inc. Answer was filed in the Circuit Court cause admitting that the corporation was engaged in the procurement, preparation and subsequent sale of building stone and did not engage in any other business. The answer averred that Paul Dotson, defendant herein, was injured working for Glenn Crawley, Marie N. Crawley, and Margaret Crawley as individual farmers and that Paul M. Dotson was not, in fact, employed by the corporation at the time of his injury.

No plea in abatement for any alleged misnomer was filed by the complainant in the Circuit Court case. The case in Circuit Court was tried upon its merits upon oral testimony of witnesses. His Honor the Trial Judge, Sam Polk Raulston, found that defendant Paul Dotson was employed by the "Stone Company," worked in its quarries, but occasionally he worked on the farm which was owned by the owners of the "Stone Company." The Court found as a fact that the petitioner was an employee of the "Tennessee Rubble Stone Company" when he was injured and that he was covered by Workmen's Compensation. However, judgment, as entered, was against Tennessee Rubble Stone, Inc., in the total amount of $6,417.29. The judgment was not paid. Execution was issued on said judgment against the present complainant, Tennessee Rubble Stone Company, Inc., complainant herein.

Complainant herein, Tennessee Rubble Stone Company, Inc., filed its original bill and obtained a temporary injunction against the sheriff of Rhea County and the defendant, Paul Dotson, enjoining them from serving the execution averring that the judgment debtor, Tennessee Rubble Stone, Inc., was a different and distinct corporation from the complainant, Tennessee Rubble Stone Company, Inc.

His Honor the Chancellor sustained a motion of defendant to dismiss the original bill from which action the complainant has prosecuted its appeal and assigned error. A number of Tennessee cases sustain the action of His Honor the Chancellor. Young v. South Tredegar Iron Co. (1886), 85 Tenn. 189, 2 S.W. 202; Martin v. Slagle (1941), 178 Tenn. 121, 156 S.W.2d 403; Hunter v. Swadley, 141 Tenn. 156, 207 S. W. 730; L. N. & G. S. Railroad v. Reidmond, 79 Tenn. 205.

The assignment of error is respectfully overruled and the judgment of the lower Court affirmed. The costs in the Court below and in this Court are taxed against the complainant-appellant, Tennessee Rubble Stone Company, Inc.