### A. C. PETRI & BRO. v. FOND DU LAC NATIONAL BANK.
#### No. 3226.

1. **Case Adhered to.** — A. C. Petri & Bro. v. First National Bank of Fond du Lac, 83 Texas, 424, adhered to.

2. **Negotiable Paper.**—A holder of negotiable paper taken in due course of trade before maturity takes it discharged of any vice as between the original parties, and can recover the face of the paper regardless of the amount the holder paid therefor.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER. No statement is necessary.

*McCormick & Spence*, for appellants.

*Cobb & Avery*, for appellee.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellee filed this suit in the District Court of Dallas County, on May 21, 1890, to recover the contents of an acceptance of the following tenor:

"$1000.                         "CHICAGO, November 8, 1889.

"Three months after December 18, 1889, pay to the order of C. J. L. Meyer & Sons Company $1000, with exchange, value received, and charge to account of C. J. L. Meyer & Sons Company, by Julius P. Meyer, treasurer.

"No. 2980.    *To A. C. Petri & Bro., Dallas, Texas.*"

Appellee alleged, that it was the owner of said acceptance by transfer to it for a valuable consideration and before maturity, without any notice on its part of any offsets, equities, or defenses. The appellants, on June 6, 1890, filed their original answer, and on October 22, 1890, filed their first amended original answer, pleading general denial, and that said acceptance was procured from appellants by C. J. L. Meyer & Sons Company, the drawees thereof, by fraud and without consideration; that at the time of the execution and delivery of said acceptance, C. J. L. Meyer & Sons Company was known to appellee to be insolvent, but that fact was not known to appellants and could not have been known by the use of reasonable diligence; that appellee acquired said acceptance well knowing that C. J. L. Meyer & Sons Company was insolvent and on the verge of bankruptcy, and that appellee paid much less than the face value of said acceptance for it, and was a mala fide holder.

On October 22, 1890, appellee filed its supplemental petition, alleging that it was a bona fide holder of the acceptance without notice before maturity and for a valuable consideration, on the 2d day of March, 1890. The cause was tried March 24, 1891, and judgment was rendered for appellee against appellants for $1085, with interest and costs. From this judgment the present appeal is prosecuted.

This is a companion case with that of A. C. Petri & Bro. v. First National Bank of Fond du Lac, decided at the present term of this court (83 Texas, 424) by the Commission of Appeals, and in which the judgment was affirmed. The same questions are involved in this case and the same errors are assigned as in the case referred to.

We think that the judgment should for the reasons given in the case cited be in all things affirmed.

*Affirmed.*

Adopted March 26, 1892.