Warren v. Grocery Co.

WARREN v. GROCERY CO.

(*Jackson.* May 6, 1896.)

JURY TRIAL. *Demand for, irrevocable.*

When a party has, upon his own demand, been granted a jury trial, he cannot, under our statutes, afterwards waive his demand so as to deprive his adversary of a jury trial without the latter's consent.

Acts construed: Acts 1875, Ch. 4; Acts 1889, Ch. 220.

Cases cited and approved: Coulter v. Sewing Machine Co., 3 Lea, 115; Garrison v. Hollins, 2 Lea, 684.

FROM GIBSON.

Appeal from Circuit Court of Gibson County. JOHN R. BOND, J.

R. P. RAINES, W. S. COULTER, and HILL & JONES for Warren.

DEASON & RANKIN and WALKER & BIGGS for Grocery Co.

MCALISTER, J. This is a suit on an account commenced before a Justice of the Peace of Gibson County. On appeal to the Circuit Court, the cause

was tried by the Circuit Judge without the intervention of a jury, and judgment pronounced in favor of the Scudder-Gale Grocery Co. against the defendant, Warren, for the amount of the account. Among other assignments of error, it is insisted the Circuit Judge erred in trying the cause without the aid of a jury. The record shows that on the first day of the January term, 1895, to which term the cause had been appealed, the plaintiff demanded a jury, and thereupon the Court ordered the cause transferred to the jury docket. A continuance was had from time to time until the September term, 1895, when the cause was called for trial upon the jury docket, and, the defendant's application for a continuance having been overruled, plaintiff's counsel announced to the Court that the jury heretofore demanded by the plaintiff would be waived, and, thereupon, over the objection of defendant, the Court proceeded to try the cause without the aid of a jury.

This assignment of error is well made. The Act of 1875 provides that when any civil suit is brought in any of the Courts of this State, whether such suit comes to such Court by summons, appeal, *certiorari*, or otherwise, and which is now triable by jury, either party desiring a jury shall, in case of original suits, demand a jury in his first pleading tendering an issue triable by jury. In the case of all other suits, the demand for a jury shall be made within the first three days of the trial term, and if no such demand is made as aforesaid, the clerk shall

place such cause on the docket to be styled the
"nonjury docket." It is further provided by said
Act that a failure to demand a jury as aforesaid
shall be deemed and held conclusively an agreement
of the parties to submit all issues and questions of
fact to the decision of the Judge without a jury,
and, if such demand is made as aforesaid, then the
clerk shall place the cause wherein the demand is
made upon a docket to be styled "jury docket."

Said Act further provides that at any time any
cause on either of said dockets may, by consent of
both parties, be changed from a jury cause to a
nonjury cause and *vice versa*, and shall be docketed
according to the change.

It was held by this Court in *Coulter* v. *Sewing Ma-
chine Co.*, 3 Lea, 115, that in appeal cases a demand
for a jury made after the first trial term, comes too
late.   The Legislature, in 1889, amended the Act of
1875 so as to provide "that hereafter all suits now
pending in the Courts of this State, or which may
hereafter be brought, either party desiring a trial by
jury, shall be entitled to a jury, provided he call
for the same on the first day of any term at which
the suit stands for trial, and have an entry made on
the trial docket that he calls for a jury, and un-
less such demand is made and the entry thereof on
the trial docket, it shall be the duty of the Court to
try the cause without a jury."

"The Legislature," says Mr. Elliott, "may right-
fully provide for trial by the Court, in civil proceed-

ings, where the parties agree to waive a jury, and may, within limits, regulate the mode of asking a jury trial.    Where there is a statute authorizing trials by the Court, and a waiver of a jury, express or implied, the Court may try the case, and where it does so it decides all questions of law and fact.    It is competent for the Legislature to provide that, if the party does not ask a jury in proper season, or in an appropriate mode, he shall be deemed to waive a right to a jury trial.  .  .  .   But while the Legislature has a broad discretion in regulating the mode of asking jury trials and the like, it cannot unreasonably hamper or impair the right of trial by jury.

"It is, perhaps, proper to say," says the author, "in order to avoid misunderstanding, that there is an essential and far-reaching difference between a statute regulating the mode of asking and obtaining a jury trial and a statute assuming to compel parties to submit issues of fact to a Court for trial, and so there is between a statute providing for an agreement as to the mode of trial, and a statute making trial by the Court compulsory."    Elliott's Gen. Prac., Vol. II., § 950 (citing *Hale* v. *Wooldridge*, 135 Mass., 140; *McInery* v. *Denver*, 17 Col., 302).    The waiver may be implied as well as express (*Petri* v. *First National Bank*, 84 Texas, 212.)    Elliott's Gen. Prac., Vol. II., § 506.

Says Mr. Thompson in his work on Trials, § 2, viz.: "It may be premised that the right of trial by jury may be waived in civil cases.  .  .  .

37—12 p

This may be done under various constitutions, stat-
utes, and judicial holdings, by not demanding a jury
(citing *Hancock* v. *Hosmer*, 109 Ill., 245), by not
filing a notice under a statute of a desire for a jury
(citing *Baily* v. *Joy*, 132 Mass., 356), by failing to
advance the jury fee required by statute," etc.

The Act of 1875 was declared constitutional by this
Court in the case of *Garrison* v. *Hollins, Burton &
Co.*, 2 Lea, 684. It was held that this legislation
only declares what voluntary acts of the parties shall
be deemed an agreement on their part to waive a
trial by jury.

In this case no presumption of an agreement
between the parties to waive a trial by jury can
legitimately arise, for the reason that plaintiff, in
the mode prescribed by law, demanded a trial by
jury. It was, of course, not incumbent upon the
defendant, in view of the plaintiff's demand, to make
a similar demand, for, upon the demand of the plain-
tiff, the cause was required by the Act to be trans-
ferred to the jury docket, and could not be remanded
to the nonjury docket without "the consent of both
parties." Any other construction of the statute would
convert it into a snare, whereby the litigant might
easily be entrapped and deprived of his constitutional
guaranty of trial by jury.

The jury in this case had been demanded by
plaintiff. The cause was upon the jury docket, and
had been called for trial. It was then too late for
the defendant to have demanded a jury, and the

Warren *v.* Grocery Co.

Court, by permitting the plaintiff to waive the jury over the objection of defendant, unwittingly deprived the defendant of the benefit of a jury trial. For this error the judgment is reversed, and the cause remanded for a new trial.