**Noble C. CAUDILL, Petitioner,**

v.

**MRS. GRISSOM'S SALADS, INC., et al., Respondents.**

Supreme Court of Tennessee.

July 6, 1976.

Rehearing Denied Sept. 27, 1976.

---

1. A Uniform System Of Citation, Eleventh Edition, Published and Distributed by The Harvard Law Review Association.

**102** ■ ▬▬▬▬▬▬▬▬

J. Dennis Sanders, Hendersonville, for petitioner.

S. McP. Glasgow, Jr., Glasgow, Adams & Taylor, Nashville, for respondents.

OPINION

FONES, Justice.

Plaintiff's complaint against defendants for personal injuries resulting from an automobile accident concluded with a prayer seeking compensatory damages of $225,-000 and demanding a jury to try the cause. Twenty-six (26) days later, prior to any responsive pleading, plaintiff filed an amendment deleting the last paragraph of the complaint and inserting a new paragraph wherein compensatory damages in the sum of $260,000 were sought with no reference to a jury demand.

The case was docketed as a jury case, was set for trial in the manner and upon a day set aside for jury cases, to wit: March 5, 1974.

On March 4, 1974, defendants' lawyers learned for the first time that plaintiff's counsel intended to take the position that his jury demand had been withdrawn and insist upon a non-jury trial. The case was called for trial at the opening of court on March 5, and the record reflects that prospective jurors were present in the courtroom but were excluded for consideration of defendants' motion filed that morning, seeking a trial by jury pursuant to Rule 39.02 T.R.C.P., or in the alternative, to continue the case. Counsel for the plaintiff resisted the jury demand filed that morning and was armed with a written brief in support of his position that in the state of the record no jury had been demanded by either party, that the demand on the day of trial came too late and that defendants were not entitled to a jury as a matter of right nor as a matter of discretion.

The trial judge, after observing that "You know I never have refused to give anybody a trial by jury" interrupted counsel for the plaintiff's argument in opposition to the jury demand and ruled as follows:

"THE COURT: Well, that's enough, Mr. Sanders. This gets back to a matter of discretion of the Court even under those rules. I think the motion comes

untimely and too late and I'm going to overrule the motion for a trial by jury. Frankly, it'll be a lot easier on me to try it without a jury anyhow. I think we can try it a lot faster.

MR. SANDERS: I hope so.

THE COURT: So, I overrule the motion."

Defendants then presented their motion to continue the case, also resisted by plaintiff. The trial judge granted defendants' motion for a continuance and while calendars were being checked for a future trial date the following occurred:

"MR. SANDERS: Your Honor, I'd like to ask the Court to reconsider. We've got

- - -

THE COURT: (interposing) No, I don't think there's any question but what they've been surprised in this matter. I'm not saying that you did it deliberately or why it was done, but they didn't know it, and it's on the jury docket and it was set on a jury day, and I think that they proceeded on the theory that it was a jury case. Now, how about Thursday, May the 30th?"

On March 19, 1974, defendants filed a written motion for a trial by jury. That motion was overruled on April 27, 1974. The bill of exceptions does not contain any record of the proceedings on that date.

The case came on for trial on May 30, at the conclusion of which the trial judge awarded plaintiff $75,000.

The Court of Appeals writing three (3) opinions, one a dissent, reversed and remanded for a trial by jury, pretermitting defendants' assignment of error questioning the amount of the trial judge's award.

We granted the writ of certiorari, remanded to the Court of Appeals for its finding on the assignment of error relating to damages and that Court's opinion reducing the judgment to $25,000 has now been certified to this Court.

## I.

The majority opinion of the Court of Appeals points out that under Rule 38.02 T.R.

C.P. a jury may be demanded (1) in the pleadings; (2) by endorsing the demand on the pleadings; or (3) by written demand filed with the clerk, with notice to all parties, within fifteen (15) days after service of the last pleading raising an issue of fact. The conclusion was reached that a jury demand,

". . . is not a mere pleading, but as is indicated by the statute and Rules of Court, it is in the nature of a notice to the opposing party that a jury has been demanded. It is, thus, doubtful that the mere omission of the demand in an amended pleading can be held to have eliminated said notice. This is especially true where, as here, the case was put on the jury docket pursuant to the demand in the original pleading. . . .

In any event, we think the Trial Judge should have granted a jury trial under the circumstances presented in this record wherein he recognized that the rather irregular procedure by which the jury demand was omitted, or sought to be withdrawn, resulted in surprise to the opposing party and counsel. Thus, since this case is here for trial de novo, we feel constrained to exercise the right to grant the motion of defendants for a trial before a jury."

The dissenting opinion disagrees with the majority's concept of notice, observing that in theory it is good but that the rules do not presently provide for such notice and that the court should not attempt to extend or enlarge upon Rule 38. The dissenting judge expresses the opinion that at the time the issues in this case were joined plaintiff's jury demand had been properly withdrawn, and that by the terms of Rule 39.02 T.R. C.P. defendants' late request for a jury was a matter within the sound discretion of the trial court. Noting that the committee comment states that, " '[t]he provisions of this Rule are designed to give the *trial court* discretion to grant a jury trial . .' " (His emphasis), the dissenting opinion concludes that the majority had not found that the trial judge abused his discretion, ". . . but merely that if the decision

had been ours we would have preferred a trial by jury under the circumstances presented in the record. I do not believe that decision is ours to make."

The third member of the Court of Appeals wrote a separate concurring opinion prompted by the dissenting opinion, observing that if the jury demand had been endorsed upon the original complaint as authorized by 38.02 T.R.C.P., the demand would not have been withdrawn by the failure to reiterate it in an amendment to the complaint, and concludes that notice of a jury demand once given should be withdrawn by overt notice rather than covert omission. The opinion observes that ". . . it appears preferable to hold that the jury demand was not withdrawn by failure to repeat it in the amendment to the complaint." Addressing the issue of discretion the point was made that the right to trial by jury in cases such as this is a constitutional right and can be denied only after waiver; that there is no right to a non-jury trial; that it is preferable to exercise discretion in the direction of preserving a constitutional right which the party did not intend to waive; that discretion should be exercised to preserve a right of one party where the action would not violate the right of the adverse party; and concludes as follows:

"For the foregoing reasons, this Court should revise the discretionary ruling of the Trial Judge and order a jury trial on remand; and this is true even if the dissent should be correct as to withdrawal of the jury demand."

II.

The statutes dealing with jury demands in existence upon the effective date of the Rules of Civil Procedure, January 1, 1971, were repealed by Chapter 565, Public Acts of 1972, (Adj.S.). Rules 38 and 39 T.R.C.P. govern the demand, withdrawal, waiver and the abandonment after demand of a jury trial. Rule 38.02 T.R.C.P. provides a change from the prior statutory requirements with respect to demanding a jury. Pursuant to T.C.A. § 20–1203 either party

desiring a jury was required to make the demand, (1) in the first pleading tendering an issue triable by jury, or (2) on the first day of any term in which the suit stood for trial, and an entry on the trial docket to that effect. We have heretofore noted the three (3) methods by which either party may demand a jury under Rule 38.02 T.R.C.P. The first method, that of demanding same in any pleading specified in Rule 7.01, does not materially differ from the statutory requirement of the demand in the first pleading tendering an issue. The second method, that of endorsing the demand upon such pleading when it is filed is entirely new.

We are presented in this case with a contention by the plaintiff that he has "withdrawn" his original demand for a jury by omitting the demand in an amendment that deleted the paragraph in which the demand originally appeared and omitting it in the replacement paragraph, the only other change being the substitution of $260,000 for $225,000.

It is the plaintiff's position that since issues had not been joined he was at liberty to withdraw his original demand in the manner described herein, to wit: by the failure to repeat it in the amended pleading.

■ Of course, if we were dealing with factual allegations in an original complaint, deleted in an amendment, the omitted facts would not be considered as having been pled. A jury demand, a waiver of trial by jury and a withdrawal of a jury demand cannot be regarded as comparable to mere factual allegations, and are subject to entirely different rules.

The second sentence of Rule 38.05 involves a change from the prior statutory law. T.C.A. § 20–1206 provided that a change from a jury cause to a non-jury cause, or vice versa *at any time,* required the consent of both parties.

Rule 38.05 T.R.C.P. reads as follows:

"Waiver. The failure of a party to make demand as required by this rule constitutes a waiver by him of trial by

jury. A demand for trial by jury as herein provided may not be withdrawn without the consent of all parties as to whom issues have been joined."

While there arises an implication from Rule 38.05 that a jury demand may be withdrawn *before issues* are joined, without the necessity of consent of all parties, the rule does not affirmatively say so, nor does it purport to address the manner in which a jury demand, that remains upon the face of the record, is to be withdrawn. The conclusion is inevitable that the rules do not deal with the situation presented in this case.

The only case that we have found involving withdrawal of a jury demand, under prior statutory law, having any relevance to the instant case is *Warren v. Grocery Company,* 96 Tenn. 574, 36 S.W. 383 (1896). The plaintiff had demanded a jury on the first day of the January term. When the case came on for trial in the September term, on the jury docket, plaintiff announced to the court that he waived the jury and over objection of the defendant the court tried the cause as a non-jury case. Construing that portion of the 1875 Act, codified as T.C.A. § 20–1206, and finding reversible error in the denial of a jury trial, the Court stated:

"The Act of 1875 was declared constitutional by this Court in the case of *Garrison v. Hollins, Burton & Co.,* 2 Lea, 684. It was held that this legislation only declares what voluntary acts of the parties shall be deemed an agreement on their part to waive a trial by jury.

In this case no presumption of an agreement between the parties to waive a trial by jury can legitimately arise, for the reason that plaintiff, in the mode prescribed by law, demanded a trial by jury. It was, of course, not incumbent upon the defendant, in view of the plaintiff's demand, to make a similar demand, for, upon the demand of the plaintiff, the cause was required by the Act to be transferred to the jury docket, and could not be remanded to the nonjury docket without 'the consent of both parties.' Any other construction of the statute would convert it into a snare, whereby the litigant might easily be entrapped and deprived of his constitutional guaranty of trial by jury." 96 Tenn. at 578, 36 S.W. at 384.

 We are unwilling to interpret the Tennessee Rules of Civil Procedure as intending to sanction the withdrawal of a jury demand in the manner employed in this case. We believe that it was intended that, since a complaint may be amended without leave of court or consent of any party, prior to a responsive pleading, the prior practice requiring consent at any time, was modified to allow withdrawal without consent before issues joined. However, the method of withdrawal being unspecified in the rules, we hold that it can only be done by an affirmative declaration that the prior jury demand is withdrawn, and a mere omission of a prior demand, as here, is ineffective.

### III.

Two members of the Court of Appeals did not approve the exercise by the trial judge of his discretion denying defendants a jury trial. However, his action was not characterized as an abuse of discretion. Implicitly the dissenting judge did not approve of the trial judge's decision, but his disapproval also fell short of a finding of abuse.

There are a number of significant factors bearing upon the exercise of discretion to grant or deny a jury trial in this case. First is the novelty of the method of withdrawal, impossible under prior law. See T.C.A. § 20–1206. It is a matter of common knowledge that in the overwhelming percentage of personal injury cases both the plaintiff and the defendant desire a jury trial, and almost invariably the plaintiff makes the demand. Withdrawal of a jury demand in a serious personal injury case is rare, and in some judicial districts, unheard of. Yet this record reflects that from and after twenty-six (26) days following the filing of the original complaint this plaintiff, for reasons not appearing, was unalterably opposed to a jury trial.

Conclusions favorable to the grant of defendants' motion may obviously be drawn from the following statement of plaintiff's counsel, as he opened his argument in opposition thereto, on the morning of March 5, 1974. (Subsequent to the following quote, counsel for plaintiff said, "He hasn't said one word to me about this motion that he filed this morning.")

"MR. SANDERS: Well, let me say this. He said that he found out yesterday afternoon that there wasn't going to be a jury trial or there was no demand, and he's been up here numerous times heretofore and it's his duty to look after his own case. As a matter of fact, during the course of the preparation of this case he and Mr. Glasgow both have told me to let them handle their own case when I have made a suggestion; but, getting to the merits of their right to a trial by jury, if the Court please, anticipating that they had made a discovery, or in the event they was going to oppose a trial without a jury, I did some research and put it together here in the event that they did—that my suspicions did materialize—and I'd like to show it to the Court and file it. There are some authorities here."

No reason appears why the plaintiff's attitude toward a jury trial changed in the twenty-six (26) days intervening between January 5, and January 31, 1972. On the other hand, it was clear to the trial judge, and it is clear to us, from the affidavit of one of defendants' counsel that, in good faith, defendants were unaware of the plaintiff's intended "withdrawal" of his jury demand prior to the afternoon preceding the trial date and therefore at the first opportunity, the following morning, the defendants sought to exercise their constitutional right to a jury trial.

■■■■ As noted by the Court of Appeals there is no right to a non-jury trial. *Silcox v. Smith County*, 487 S.W.2d 652 (Tenn. App.1972). No reason or circumstances are offered as a prejudice or disadvantage to the plaintiff by virtue of the trial of this case before a jury. The reasons given by the trial judge, for denying defendants' motion, that appear in the record, are that it was untimely and that the trial would be easier and faster without a jury. The trial judge's own statements in the record show that he unequivocally accepted as true the facts stated by counsel for the defendant in his affidavit, as do we, and therefore the motion was timely made. Of course, the fact that a non-jury trial might be easier and faster provides absolutely no basis on which to deny a party the constitutional right of trial by jury.

Regardless of plaintiff's motivation in withdrawing his demand for a jury, by the method employed the effect upon the defendants' rights were the same—the circumstances provided an excuse for defendants' counsel's omission, from the consequences of which, fundamental fairness and justice demanded relief.

In these circumstances we find that the trial judge abused his discretion, in denying a jury trial.

The judgment of the Court of Appeals reversing and remanding the cause for a trial by jury is affirmed. Costs are adjudged against plaintiff.

COOPER, C. J., and BROCK, J., concur.

HARBISON, J., not participating.

HENRY, J., dissents, filing separate opinion.

HENRY, Justice (dissenting).

I respectfully dissent.

Twenty-six (26) days after the original complaint was filed, and before a responsive pleading was served and, therefore, before issue was joined, plaintiff exercised his Rule 15.01–decreed right to amend his complaint.

The body of the amendment so filed reads as follows:

Comes the Plaintiff, Noble C. Caudill, and amends his Original Complaint filed in this cause by deleting the last paragraph of his Complaint in its entirety and adding the following paragraph;

"Wherefore, the Plaintiff, Noble C. Caudill, sues the Defendants for compensatory damages in the sum of $260,000.00."

The transcript contains a Xerox copy of the original amendment, containing a total of five (5) lines, and forty-five (45) words, in conventional size type, and showing that it was served on 29 January 1972.

Eighty-four (84) days later, after seeking and obtaining two enlargements of time, defendants filed their "answer to the complaint and *amended* complaint filed against them." Counsel had eighty-four days to read, analyze, digest, study and respond to this forty-five word amendment, which was openly, publicly, and officially filed..

The so-called "withdrawal" of the jury demand was accomplished in a pleading, officially filed and served upon adversary counsel.

The word "withdrawal" is inappropriate. What this plaintiff did—and all he did—was to amend his pleading by the deletion of the demand for a jury. His reasons for so doing are left to conjecture.

Lawyers, of course, should not ambush their adversaries, but, at the same time they are at liberty to pursue an ethical trial strategy, and are under no obligation to forewarn their adversary.

There is no requirement in the Rules or in reason that adversary counsel be given specific notice of a jury demand, except in those cases where written demand is filed with the clerk, independent of the pleadings, pursuant to Rule 38.02 Tenn.R.Civ.P.

And most assuredly there is no requirement that adversary counsel be notified of a failure to demand a jury. The complaint, as amended, made no such demand. It stands as a pleading in which no jury demand was ever made.

Under Rule 38.02, Tenn.R.Civ.P., the defendants had a right to demand a jury in their answer, or by endorsement on their answer or by lodging a written demand with the clerk. They did not elect to pursue any of these procedures.

Counsel for the defendant simply did not carefully read the amendment and "treat-ed" it as "merely an increase in the ad damnum", and "not as an attempt by the plaintiff to withdraw its jury demand"—as shown by affidavit of counsel for the defense. These highly capable, but busy, lawyers simply did not correctly read the amendment.

I attach no significance to the fact that the case was placed on the jury docket. This was a clerical error. Docketed jury, non-jury, or not docketed, this was a non-jury case under the pleadings and in the absence of a timely jury demand in the prescribed manner. Actually, Rule 39.01 obviously contemplates a single docket and the predicate (§ 20–1201, T.C.A.) for a two-docket system no longer exists. Rule 39.01 reads in pertinent part:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action.

The trial judge is vested with discretion to order a jury trial notwithstanding the failure of a party to demand a jury. Rule 39.02, Tenn.R.Civ.P. I find no warrant in this record for a holding that he abused his discretion, in failing to do so.

If a new trial is to be ordained, it should be restricted to the issue of damages since there is no substantial dispute as to liability.