Robert F. SMITH, Commissioner of Transportation of the State of Tennessee, Appellant-Appellee,

v.

Joe V. WILLIAMS, Martha Frances Moore Williams, Robert S. Williams, Mary Williams, Gertrude W. Gaston, Marion Gaston, Margaret W. Robbins, Frank M. Robbins, Jr., City of Chattanooga and Hamilton County, Tennessee, Appellants-Appellees.

Court of Appeals of Tennessee, Western Section.

Feb. 2, 1978.

Rehearing Denied March 9, 1978.

Certiorari Denied by Supreme Court Dec. 29, 1978.

504

Robert J. Ames, Asst. Atty. Gen., Carlos C. Smith, Chattanooga, for the State of Tennessee, for appellant-appellee Smith.

Joe V. Williams, Jr., Chattanooga, for appellants-appellees Williams, et al.

MATHERNE, Judge.

In this condemnation lawsuit the determinative issues on appeal are whether the trial judge can of his own motion in a civil law case impanel a jury to try the issues and whether a jury so impaneled is an "advisory jury."

By plea filed on April 17, 1974, the defendants demanded a jury to hear this lawsuit. Thereafter the parties presented to the trial court an agreed order wherein all parties waived a jury trial and agreed that the lawsuit would be tried before the judge without a jury. The trial judge refused to sign the order and impaneled a jury to hear the issues.

The record does not reveal an objection or exception by the defendants to the ruling of the trial judge that the issues would be submitted to a jury. We hold, however, that under Rule 46, Tennessee Rules of Civil Procedure, an objection at that point was not necessary. At the time the motion was tendered and the action of the trial judge was sought, both parties made known to the judge the action desired on the motion, namely, to waive the jury. The defendants made this ruling by the trial judge the basis of Ground VIII of their Motion for New Trial and Assignment of Error No. 1 before this Court. We, therefore, hold that the claimed error is properly before this Court for review.

In his final Memorandum and Order the trial judge stated:

(T)he Court makes reference to the fact that on October 24, 1975, all parties submitted a proposed agreed order attempting to waive trial by jury, which proposed order is attached hereto and made a part thereof. However, the Court was of the opinion that a jury should be empaneled to hear this cause and would not enter said proposed order under the authority of Rule 39 of the Tennessee Rules of Civil Procedure. While the Court has not referred to the jury which tried this cause as an "advisory jury," it being the Court's intention not to (in) any way impair any party's right to appeal, the Court is aware of the language contained in Rules 39.02 and 39.03 of the Tennessee Rules of Civil Procedure. Further, the Court is of the firm opinion, *as thirteenth juror,* that either a new trial should be granted or the additur should be accepted and paid.

Accordingly, it is therefore Ordered, Adjudged and Decreed that the motion for a new trial as amended be and the same hereby is overruled; however, the Court, *as thirteenth juror,* suggests an additur . . . the Court being of the firm opinion that the verdict of the jury was inadequate and that, if the Nine Thousand Dollars ($9,000.00) is not paid as an additur as suggested, a new trial should be granted. (Emphases added)

■ The trial judge apparently misinterpreted Rule 39.02. That rule places within the discretion of the trial judge, upon motion by a party, the power to grant a jury trial even though the moving party had not made a timely demand for a jury as required by Rule 38.

Trial by jury had been demanded by the defendants in accordance with Rule 38.02. Where the demand for jury trial has been properly made the trial of all issues so demanded shall be by jury, "unless (a) the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered [of] record, consent to trial by the court sitting without a jury . . . ." Rule 39.01. In this lawsuit the parties, after a demand for trial by jury, did so consent to trial by the court sitting without a jury.

■ In situations which give a party the right to trial by jury, the Tennessee Rules of Civil Procedure do not give the trial judge the authority to force a jury upon the parties. The right to demand a jury is given to the *parties,* Rules 38.02, 38.03; the waiver of a jury may be effected by the failure of a *party* to demand, Rule 38.05; the right to waive a jury previously demanded may be accomplished only by the consent of all *parties* as to whom issues have been joined, Rule 38.05; when a jury is properly demanded the trial will be by jury unless consent to a non-jury trial be made by all *parties* and entered of record, Rule 39.01; where a *party* who has not timely demanded a jury makes a motion for a jury trial, the trial judge in his discretion may grant that *party* a jury trial, Rule 39.02. There is no provision which permits the trial judge to impanel a jury on his own motion; there must be a demand by a *party.* Compare: 5 Moore's Federal Practice (2nd Ed.) § 39.08; *Hargrove v. American Central Ins. Co.,* 125 F.2d 225 (10th Cir. 1942); *Firemen's Insurance Co. of Newark v. Smith,* 180 F.2d 371 (8th Cir. 1950). See also the cases annotated at 6 A.L.R. Federal 217, 230–232.

The leading case to the contrary seems to be *United Press Associations v. Charles,* 245 F.2d 21, 17 Alaska 46 (9th Cir. 1957), cert. denied, 354 U.S. 925, 77 S.Ct. 1378, 1 L.Ed.2d 1435, wherein the parties failed to demand trial by jury within the time allowed by Rule 38. Thereafter the defendant filed a motion for a jury trial, which was denied. Several months later on the day of trial, the trial judge announced that he would impanel a jury to hear the case. The plaintiff objected, but proceeded to trial. The court reasoned that the plaintiff should have refused to go to trial before a jury, suffer judgment against it for failure to prosecute and appeal therefrom. By going to trial the court reasoned that the plaintiff acquiesced in the jury and waived any right it might have had to object. Under the court's holding, however, that

course of action by the plaintiff would have been futile on appeal because the court further buttressed its decision with the following language:

> In any event, by definition of the Rule, the judge had power to grant trial by jury when Charles (defendant) made a motion therefor. It can hardly be contended the judge lost jurisdiction when the motion by Charles for jury trial was denied. Although the latter was not insisting upon jury trial, he never withdrew the motion. The denial did not change the record. The denial was not unchangeable as a decree of Rhadamanthus. The judge could have set aside the denial and granted a jury on the eve of [the] trial. But, it is objected, he did not so set aside the denial, but granted jury trial sua sponte. If the judge had jurisdiction to set aside the order, he had jurisdiction to grant trial by jury.

In the quoted portion of the opinion the court seems to have based its decision upon the fact that a motion for trial by jury was made by a party, and, therefore, the judge was given jurisdiction to grant the request even though it had been previously denied. Considering the entire opinion in *United Press Associations, supra,* along with the rather strong dissent, we can not accept that case as authority for the proposition that the court in the instant lawsuit could force the parties to trial by jury. Here we have a timely consent by all parties that the previously demanded trial by jury be waived. That request was in accordance with Rule 39.01(a). The trial judge erred in his failure to honor that consent to a non-jury trial.

The trial judge by final Memorandum and Order seems to indicate that he impaneled an advisory jury as allowed by Rule 39.03. That Rule provides as follows: "Nothing in this rule shall impair the right of a court to impanel an advisory jury as that right existed prior to the adoption of these rules." We here note that there is a substantial difference in the verbiage of Rule 39.03, Tennessee Rules of Civil Procedure and Rule 39(c), Federal Rules of Civil Procedure.

■ In Tennessee an advisory jury may be impaneled only in cases of an inherently equitable nature. *Hurt v. Earnhart* (Tenn. Ct.App.1976) 539 S.W.2d 133; *State ex rel. Webster v. Daugherty* (Tenn.Ct.App.1975) 530 S.W.2d 81. In such cases the trial judge or chancellor may of his own motion impanel an advisory jury and submit to it such issues of fact as he deems appropriate. The judge or chancellor need not accept the finding of the jury, but he must give it great weight. *State ex rel. Webster, supra.*

■ In cases of a non-equitable nature, however, the chancellor or judge must submit to the jury the issues triable by jury and for which demand for jury trial was made, Rule 38. In these situations the trial judge may reject the jury verdict as thirteenth juror, "but such rejection leads to a new trial with a new jury—not a substituted verdict by the Chancellor (trial judge)" *Hurt, supra.*

■ Admittedly, the case at bar deals with an additur as allowed by T.C.A. § 20–1330. It must be noted, however, that under the circumstances the trial judge did not have a legally impaneled jury and the verdict to which the additur was suggested was not valid. We also recognize that the fact to be determined was the amount of compensation due the landowner. An argument could be made that the trial judge was the ultimate decider of that fact by virtue of the suggested additur. We reject that line of reasoning because in every condemnation lawsuit the trial judge would be licensed to force a jury trial upon the parties and then correct the error by suggesting an additur or remittitur. The Rules were not designed to permit the trial judge to evade his duty to initially decide issues of fact in non-jury lawsuits.

We, therefore, hold that under the circumstances the trial judge erred in forcing the parties to a jury trial and the jury as impaneled was not an advisory jury. The defendants' first assignment of error is sustained, the judgment of the trial court is reversed and this lawsuit is remanded to

the Circuit Court sitting in Hamilton County, Tennessee, for a new trial. The cost in this Court is adjudged one-half against each party.

SCOTT, Special Judge, concurs.

NEARN, J., dissents.

SCOTT, Special Judge, concurring.

I concur in the result reached by my colleague writing for the majority. However, I feel constrained to add my interpretation of the rules to this muddled controversy.

Rule 39.02, *Tennessee Rules of Civil Procedure*, provides that "(i)ssues not demanded by trial by jury as provided in Rule 38 *shall* be tried by the court . . . ." As used in statutes, contracts, or the like, this word is generally imperative or mandatory, *Black's Law Dictionary*, Fourth Edition, page 1541, citing numerous cases. In common parlance, the word *shall* is a word of command and one which denotes obligation.

It would appear then that when both parties waive the right to a jury trial the matter must be tried by the Court. It is not a matter of discretion, it is an obligation that falls upon the Court. The obligation of the judiciary to try the issues in lawsuits, as tough as that obligation sometimes is, cannot be shifted to the jury where a trial by the Court is specifically sought.

The second clause of Rule 39.02 is not applicable here, for that clause addresses itself to the situation where a party has neglected to demand a jury through inadvertence or neglect. This situation is totally different from that envisioned by this clause. The situation is also different from that in the case of *Caudill v. Mrs. Grissom's Salads, Inc.*, 541 S.W.2d 101 (Tenn.Sup.Ct. 1976). In that case, the Plaintiff filed his complaint and demanded a jury. Prior to any responsive pleading, he filed an amendment deleting the last paragraph (which contained the jury demand) and inserting a new one, changing the amount of damages demanded. No reference to a jury demand was made in the amended complaint. The Defendants sought a jury trial. The Court

overruled the Defendants' motion for a trial by jury and heard the case without a jury. After a verdict in favor of the Plaintiff, the Court of Appeals, as in this case, wrote three separate opinions, and reversed and remanded the case for trial by jury. The Supreme Court, with one Justice dissenting, found an abuse of discretion by the trial judge and affirmed the action of the Court of Appeals. Justice Henry in his dissent found that the Defendants' counsel had simply failed to correctly "read, analyze, digest, study and respond" to the amended complaint, and that there was no abuse of discretion by the trial judge in failing to order a jury trial. 541 S.W.2d 101 at 106, 107.

The distinction between that case and this case is obvious. In the Mrs. Grissom's case, one party wanted a jury and the other did not. The issue revolved around the interpretation of the amended complaint. In this case, both parties have indicated by means of an agreed order that they wanted a bench trial. The very able and respected trial judge refused to sign the order and impaneled a jury.

The parties, through their counsel, should be free to pursue their trial strategy unfettered by the trial judge. Why both the land owner and the state did not want a jury trial in a condemnation case is a matter of conjecture. However, it is not a matter of concern to the Court. If they want a bench trial they are, under the rule, entitled to one.

For the reasons stated, I concur.

NEARN, Judge, dissenting.

I do not agree that it is harmful reversible error to afford litigants a jury without their consent. In view of our harmless error statutes (T.C.A. §§ 27–116, 117), it is incongruous to me to say that a party has been injured to such extent that a new trial is required because twelve men, instead of one, decided that party's dispute. In fact, I do not believe that appellant Williams, believes that it was reversible or harmful error. His first Assignment of Error is

"The Trial Court erred in failing to sign the Agreed Order waiving the Jury." The entire argument found in the brief on this Assignment of Error consists of one sentence viz.: "The Trial Court could have granted a new trial on the basis that he erred in failing to sign the Agreed Order waiving the Jury." This hardly complies with our Court Rule 12(1)(b).

Neither do I agree with the majority's interpretation of the rules. The majority correctly point out that Rules 38.02, 38.03, 38.05 and 39.01 all speak of a *party* demanding a jury. However, I do not concur in the majority's interpretation of Rule 39.02 that it provides "the trial judge in his discretion may *grant* that *party* a jury trial". The rule simply does not say that to me. In Rule 39.02 where using the term "upon motion" it is not followed by the words "of a party". The rule states, "the court in its discretion upon motion may *order* a trial by jury of any or all issues." [Emphasis mine] There are motions by parties and there are discretionary motions of the Court *sua sponte*. The rule does not say upon motion of a party. Neither does it say the Court will *"grant"* a trial by jury. It says a Court may *"order"* a trial by jury. Motions of others are granted. The Court acting *sua sponte* orders, not grants. I would not construe the rule to limit the power of the judge to order a jury trial. It should be remembered that all persons are not always represented by counsel and justice may require that in some instances jury trials be ordered for the benefit of the untrained even though no motion by a party is made.

It seems to be a peculiar quirk to establish as law that a Trial Judge, under Rule 39.02, is vested with discretion to deny the constitutional right of a trial by jury if it is late demanded, but has no discretion whatsoever but to grant the nonconstitutional right of a nonjury trial. See *Caudill v. Mrs. Grissom's Salads, Inc.* (1976 Tenn.) 541 S.W.2d 101.

Therefore, I must dissent.

Done at Knoxville in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.