IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 21, 2001 Session

## BRIAN ELKINS v. REX A. BERRY and WILLIAM A. BOLIN

**An Appeal from the Circuit Court for Carroll County**
**No. 3848   Julian P. Guinn, Judge**

---

**No. W2000-01143-COA-R3-CV - Filed March 15, 2002**

---

This case involves the right to a trial by jury.  The plaintiff sued the defendants for injuries he sustained in an automobile collision that was allegedly caused by the defendants' negligence.  In the plaintiff's complaint, he demanded a jury trial.  The defendants also demanded a jury trial in their answers.  On the eve of trial, unbeknownst to the defendants, the plaintiff withdrew his jury demand.  On the morning of trial, the defendants appeared but were unrepresented by counsel.  The trial court proceeded with a bench trial, and entered a judgment in favor of the plaintiff.  The defendants now appeal, claiming, *inter alia*, that they were denied their right to a jury trial.  We affirm, finding that the defendants' participation in the bench trial, without objection, constituted a waiver of their right to a jury trial under Rules 38.05 and 39.01 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellants, Rex. A Berry and William A. Bolin.

Charles L. Hicks, Camden, Tennessee, for the appellee, Brian W. Elkins.

## OPINION

This case involves the right to a trial by jury.  On December 20, 1997, at approximately 3 o'clock a.m., plaintiff/appellee Brian W. Elkins ("Elkins"), as an officer of the Tennessee Wildlife Resource Agency ("TWRA"), saw defendants/appellants Rex A. Berry ("Berry") and William A.

Bolin ("Bolin") illegally spotlighting deer in Carroll County, Tennessee.[1] Berry was driving a truck owned by Bolin in which Bolin was the passenger. Several TWRA officers began to pursue Berry and Bolin by helicoptor, and other officers erected a roadblock to prevent the defendants' flight from arrest. Berry and Bolin turned and drove away from the officers' roadblock. Elkins had been pursuing Berry and Bolin, and when they turned around to avoid the roadblock, they drove toward Elkins's truck. Elkins had brought his truck to a stop with his blue lights engaged in an attempt to block the defendants' escape. The truck driven by Berry collided with Elkins's truck, resulting in Elkins sustaining personal injuries. Berry and Bolin subsequently pled guilty to spotlighting deer, hunting deer from a motor vehicle, and hunting or killing big game during closed season. Additionally, Berry pled guilty to reckless endangerment and evading arrest.

On December 8, 1998, Elkins filed the instant lawsuit against Berry and Bolin, claiming compensatory and punitive damages resulting from the auto accident.[2] In his complaint, Elkins demanded a jury. On January 18, 1999, C. Timothy Crocker, an attorney, entered an appearance and filed an answer on behalf of Berry, in which he did not demand a jury. Fred McLean, an attorney, entered an appearance and filed an answer on behalf of Elkins' uninsured motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), in which he demanded a jury. Bolin did not retain his own counsel and did not file an answer. Elkins then filed a motion for a default judgment against Bolin. On November 17, 1999, attorney McLean filed an answer on Bolin's behalf, in which he demanded a jury.

On November 17, 1999, the trial judge granted Crocker's motion to withdraw as counsel of record for Berry. At that time, the trial court advised Berry and Bolin that they were entitled to retain lawyers to represent them if they so chose. The trial court informed the parties that the trial date was set for January 11, 2000, and told Berry and Bolin that if they wanted their own counsel they would have to make arrangements prior to that date.

Prior to trial, Elkins reached a settlement with State Farm. Consequently, attorney McLean was no longer obligated to remain in the case. On January 10, 2000, the day before trial, Elkins filed a waiver of his original jury demand and moved to proceed with a bench trial on the following day. A copy of that waiver was sent to attorneys Crocker and McLean, but not to Berry and Bolin personally. Thus, Berry and Bolin had no notice of Elkins' jury waiver prior to the morning of trial.

---

[1]"Spotlighting," as that term is used in this case, involves shining artificial light, such as car headlights, into the eyes of a deer at night, causing the deer to freeze and making it an easy target for a hunter. *See State v. Barker*, 457 N.E.2d 312, 312-13 (Ohio 1983).

[2]Elkins claimed that he suffered from, among other things, persistent pain, stiffness and weakness in his arms, and numbness and tingling in his fingers and wrists. He also claimed that he suffered from pain and stiffness in his neck and muscle spasms in his back. He submitted evidence that he sustained a 5% permanent physical impairment to his body as a whole.

The case was called to be heard as scheduled on the morning of January 11, 2000. McLean, of course, did not appear. Berry and Bolin personally appeared, but they apparently had counted on attorney McLean to represent their interests and had not retained their own attorneys.[3] When questioned by the trial court regarding legal representation, the defendants responded that they had none. At that point, noting that the defendants had been given ample opportunity to retain counsel, the trial judge proceeded with the bench trial. According to the Statement of the Evidence in the appellate record, the defendants waived their right to testify, and failed to put on any proof. The Statement of the Evidence did not refer to any discussion of the defendants' demand for a jury trial, or any objection by the defendants to a bench trial.

At the conclusion of the bench trial, the trial court found "by clear and convincing proof beyond a reasonable doubt" that both defendants had engaged in illegal activities and that they intentionally drove their truck into Elkins' truck while evading arrest. The trial court found that Elkins had sustained permanent injuries as a result of the collision, and awarded Elkins $25,000 against both defendants and an additional $15,000 in punitive damages against Berry, the driver of the truck.

On February 18, 2000, Berry and Bolin, now represented by counsel, filed motions for a rehearing, reconsideration, or a new trial. Berry and Bolin asserted, among other things, that "[p]laintiff's unilateral waiver of a jury trial the day before trial, without notice and consent of defendant[s] impermissibly denied defendant[s their] right to a jury trial." The motions were denied. The defendants now appeal.

On appeal, the defendants raise a number of issues pertaining to the propriety of the trial court's findings and legal conclusions. Initially, the defendants argue that they were denied due process and denied assistance of counsel because they were not notified of the insurance company's pre-trial settlement. They reason that, had they been notified that the insurance company's attorney would not be present, they would have retained separate counsel.[4] Further, they claim that they were denied their right to a jury trial because of the plaintiff's unilateral waiver of a jury. Finally, they argue that, had they been allowed to proceed before a jury, the proof would have been sufficient such that a jury could have found that the collision was the result of negligent and not intentional conduct, and that the evidence does not support a finding of punitive damages.

---

[3] At this point, Berry and Bolin learned that McLean would not be appearing to represent their interests in the trial. One can imagine that, upon learning this, Berry and Bolin looked like the proverbial "deer caught in the headlights."

[4] The defendants also argue that defendant Berry's former attorney, Tim Crocker, "unjustifiably" failed to appear at trial and that they did not receive prior notice that Crocker would not be present. The record plainly reflects, however, that the trial court granted Crocker's motion to withdraw from the case, and that a copy of the order was sent to both Berry and Bolin. The defendants do not offer any evidence that they were unaware of the trial court's order. Therefore, we reject any claim pertaining to Crocker's failure to appear at trial.

-3-

We review the findings of fact by the trial court *de novo* on the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. **Tenn. R. App. P. 13(d).** Conclusions of law require a *de novo* review, with no presumption of correctness. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997); *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79, 80 (Tenn. 1996).

We consider first the argument that Berry and Bolin were denied their right to a jury trial. Since the effective date of the Tennessee Rules of Civil Procedure, January 1, 1971, Rules 38.05 and 39.01 govern the requirements for a withdrawal, waiver, or abandonment of a previously filed jury demand. *See Caudill v. Mrs. Grissom's Salads, Inc.*, 541 S.W.2d 101, 104 (Tenn. 1976). Rule 38.05 provides in pertinent part:

> **38.05. Waiver** – A demand for trial by jury as herein provided may not be withdrawn without the consent of all parties as to whom issues have been joined.

Rule 39.01 provides in pertinent part:

> **39.01. By Jury** – When a trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless . . . the parties or their attorneys of record, by written stipulation filed with the court or *by oral stipulation made in open court and entered in the record*, consent to trial by the court sitting without a jury . . . .

(Emphasis added). The Advisory Commission Comments to this rule state that Rule 39.01 "is consistent with prior practice." Tenn. R. Civ. P. 39.01 advisory commission cmts. (citing Tenn. Code Ann. § 20-1206, in which consent of all parties was required for waiver of jury demand). Rules 38.05 and 39.01 are identical to their federal counterparts.

Rule 38.05 restates the long-standing common law rule in Tennessee that once a jury trial has been properly demanded, such a demand cannot be withdrawn without the consent of all the parties. *See Russell v. Hackett*, 230 S.W.2d 191, 192 (Tenn. 1950). One authority has explained the reason for such a rule:

> [W]here one party makes [a jury] demand, there is ordinarily no necessity for the other to do so. Accordingly, a party wishing to avoid a jury trial might, if permitted to do so, trap his opponent by initially demanding a jury, then, after the time has elapsed for his opponent to make a similar demand, withdrawing his request. In order to meet this possibility, statutes or rules have been enacted in a number of jurisdictions requiring that a party who had demanded a jury trial may not withdraw such a demand without the consent of the opposing party.

**H. D. Warren, Annotation,** *Rule or Statute Requiring Opposing Party's Consent to Withdrawal of Demand for Jury Trial*, 90 A.L.R.2d 1162 (2001).

Tennessee courts have held that consent of the parties can be either express or implied. ***See Beal v. Doe***, 987 S.W.2d 41, 47 (Tenn. Ct. App. 1998); ***Davis v. Ballard***, 946 S.W.2d 816, 816 (Tenn. Ct. App. 1996). Some Tennessee courts have concluded, based on Rule 38.05, that if a defendant fails to appear at trial, he has by implication consented to the plaintiff's waiver of a jury demand. ***See Beal***, 987 S.W.2d at 47; ***Davis***, 946 S.W.2d at 816. Similarly, other courts have held that simply allowing a non-jury trial to proceed without objection is sufficient to imply the party's consent. ***See Russell***, 230 S.W.2d at 192; ***see also Front v. Lane***, 443 N.E.2d 95, 97 (Ind. Ct. App. 1982) (finding that defendant consented to plaintiff's waiver of the jury by failing to object at trial and acquiescing in the non-jury trial). It must be noted that Tennessee's Rule 39.05, like its federal counterpart, adds a specific requirement that consent to the waiver of a jury trial must be by written stipulation "or by oral stipulation made in open court and *entered in the record.*" Rule 39.05 (emphasis added). However, neither the Tennessee courts nor the federal courts have strictly adhered to the requirement that oral stipulations be "entered in the record."

For example, in ***Pilcher v. Moneymaker***, No. 03A01-9710-CV-00482, 1998 Tenn. App. LEXIS 665 (Tenn. Ct. App. 1998), involving injuries the plaintiff received from a bicycle accident, both parties demanded a jury in their initial pleadings. For reasons not apparent in the opinion, the case was tried in a bench trial. On appeal, the defendants retained new counsel and argued that the trial court erroneously conducted a bench trial when neither party expressly waived their jury demand. However, in the appeal, trial counsel for both parties had filed affidavits to the effect that the demands had been, in fact, waived. The appellate court held that the post-trial affidavits satisfied the "on the record" requirement of Rule 39.01. ***Pilcher***, 1998 Tenn. App. LEXIS 665, at *7. The court specifically stated that "we are not prepared to require strict adherence to the rule. To do so, in our view, would be to exalt form over substance." ***Id.***

In ***Sewell v. Jefferson County Fiscal Court***, 863 F.2d 461 (6th Cir. 1988), a race and sex discrimination case, the plaintiff initially demanded a jury trial. The case was scheduled for jury trial on September 23, 1986. At the September 15, 1986 pretrial conference, the plaintiff's attorney requested a continuance. Thereafter, the trial court entered an order removing the case from the jury docket and scheduling it for a bench trial on January 22, 1987. The plaintiff did not object. At trial, the plaintiff asked the trial court to summon the jury. The trial court refused that request, referring to the pretrial order. The trial court proceeded with a bench trial, and the plaintiff appealed. The Sixth Circuit noted that the "on the record" rule had "been interpreted broadly so as to encompass orders entered by the court and not objected to." ***Sewell***, 863 F.2d at 464 (quoting ***Lovelace v. Dall***, 820 F.2d 223, 227 (7th Cir. 1987)). Thus, the court held that the trial court's order setting the case for a bench trial "constituted a 'sufficient entry in the record to satisfy the requirements of Fed. R. Civ. P. 39(a).'" ***Id.*** at 465 (quoting ***Fields Eng'g & Equip., Inc. v. Cargill, Inc.***, 651 F.2d 589, 592 (8th Cir. 1981)).

In ***White v. McGinnis***, 903 F.2d 699 (9th Cir. 1990) (*en banc*), the Ninth Circuit Court of Appeals reviewed at length the issue of whether the failure to object to a bench trial, without more, would be sufficient to establish consent "on the record" to the waiver of a jury demand. In that case, the plaintiff had brought a §1983 action against the defendant corrections officer. The plaintiff

demanded a jury in his complaint. On August 6, 1985, the trial court notified the parties that the case was set for a bench trial on January 21, 1986. The subsequent two-day bench trial ended in a judgment for the defendant. During the trial, the plaintiff made no objection to the absence of a jury. The plaintiff then appealed, claiming that he was denied a jury trial. In rejecting the plaintiff's claim on appeal, the Ninth Circuit overruled a previous case out of that circuit, *Palmer v. United States*, 652 F.2d 893 (9th Cir. 1981), which is procedurally identical to the case *sub judice*. The court in *Palmer* purported to follow the "precise terms" of the federal counterpart of Tennessee Rule 39.01 in holding that, where the record was completely silent on the issue of a jury trial, "a party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand." *Palmer*, 652 F.2d at 896. In *White*, the *en banc* court noted that more recent cases had criticized *Palmer*'s "literal approach" and had "rejected a formalistic interpretation of the rules." *White*, 903 F.2d at 701.

In reaching its conclusion, the *White* court cited *Reid Brothers Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292 (9th Cir. 1983), in which the court allowed the plaintiff to waive a demand for a jury over the objection of the defendant when it was obvious that the defendant's intention was to delay and frustrate the purposes of the federal rules. The *White* court also cited *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345 (9th Cir. 1988), in which *Palmer* was distinguished and the appellant's conduct was found to evince "much more than silence." Thus, in overruling *Palmer*, the *White* court noted that "a party's vigorous participation in a bench trial, without so much as a mention of a jury, cannot be presumed the result of mere inadvertence, but can only be ascribed to knowledgeable relinquishment of the prior jury demand." *White*, 903 F.2d at 703; *see also Lovelace v. Dall*, 820 F.2d 223, 227 (7th Cir. 1987) (holding that "it is unfair to permit a party to have a trial, discover it has lost, and then raise the jury issue because it is unsatisfied with the result of the trial").[5]

Two Tennessee cases have held that a defendant's failure to appear at trial waives his right to a jury trial by implication, without addressing Rule 39.01. In *Davis v. Ballard*, the defendant failed to appear at trial, so the plaintiff waived his prior jury demand and the court proceeded with a bench trial. *Davis*, 946 S.W.2d at 816. In finding that the defendant was not denied his right to a jury, the court adhered to the rule in *Russell*, in which the Tennessee Supreme Court held that the failure to appear at trial constituted the waiver of a jury by implication. *Davis*, 946 S.W.2d at 816 (citing *Russell*, 230 S.W.2d at 192). Relying on *Russell*, the *Davis* court reasoned that "[o]ur

---

[5] The dissent in *White* criticized the majority decision because it purportedly ignored the plain language of the "on the record" requirement because, in its view, the rule "is susceptible to only one reading." *Id.* at 705 (Kozinski, C.J., dissenting). Though the majority overruled *Palmer*'s interpretation of the rule as being "rigid" and "formalistic," Judge Kozinski would have used a straightforward application of the rule because it is specific and unambiguous. He stated that he was "not unmindful that the result we reached in *Palmer* appears to be a triumph of form over substance." However, the dissent noted that the Supreme Court has repeatedly held the view that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 706 (quotations omitted). Judge Kozinski reasoned that "greater unfairness may be visited upon a far larger number of litigants when rules of procedure are given a creative interpretation in response to the apparent exigencies of a particular case. . . . The danger is particularly acute where, as here, the rule in question is designed to safeguard the right to trial by jury." *Id.*

present law requiring all parties to consent to waiver of a previous jury demand, Tenn. R. Civ. P. 38.05, is the same that existed when the Supreme Court decided *Russell*. Therefore, we must follow the Supreme Court's ruling in *Russell*." *Id.*

Following *Davis*, the court in *Beal v. Doe,* also held that a party can waive his right to a jury trial by implication, and that such waiver is established when the party fails to appear at trial. *Beal*, 987 S.W.2d at 47-48. Similar to the instant case, the plaintiff and co-defendants who were represented by counsel agreed on the morning of trial to waive their right to a jury trial. *Id.* at 43. Counsel for the "empty chair" uninsured motorist had made a tactical decision not to be present at trial, but assumed that, in his absence, a jury would be impaneled in accordance with his jury demand. When counsel for the uninsured motorist received word that the case was proceeding as a bench trial, he rushed to the courthouse to object to the matter proceeding without a jury. *Id.* at 45. He filed an affidavit explaining that he had notified the court that he would be absent and the reasons therefor, and that the case had been designated as a jury case for two and one-half years. His affidavit further stated that he had never received notice of any party's request for a trial without a jury and emphasized that he did not waive his jury demand. *Id.*, 44-45. The *Beal* court adhered to the rule in *Davis* and *Russell*, namely, that when a party fails to appear at trial, he effectively waives his right to a jury trial. *Beal*, 987 S.W.2d at 49. The *Beal* court cited Rule 39.01, but did not discuss whether the requirements of the Rule had been satisfied. *Id.* at 45.

In contrast, in *State ex rel. Campbell County v. Elk View Land & Gravel, Inc*., No. 03A01-9808-CV-00247, 1999 Tenn. App. LEXIS 309 (Tenn. Ct. App. May 19, 1999), this Court reversed and remanded a bench-trial decision based on the fact that the defendant did not clearly waive its right to a jury trial. In that case, the trial court conducted a bench trial on the merits of the parties' respective claims and thereafter issued a permanent injunction, despite the fact that the defendant had demanded a jury trial. The appellate court found that the transcript of the hearing before the trial judge indicated that there had been confusion regarding the breadth of the proceedings that had been conducted by the trial court, and it was not clear from the record that Elk View had given up its "important constitutionally-protected and statutorily-guaranteed right" to a jury trial. *Elk View Land & Gravel*, 1999 Tenn. App. LEXIS 309, at *16.

In this case, the record on appeal does not include a transcript of what happened in the trial court below. Rather, the record on appeal contains a Statement of the Evidence submitted by the plaintiff. As noted above, the Statement of the Evidence contains no indication that Berry and Bolin objected to a trial without a jury; indeed, the Statement of the Evidence makes no reference to any discussion of the jury demand. Under these circumstances, as in *Russell* and its progeny, the defendants are deemed to have consented to a bench trial "on the record" under Rule 39.01. Though *Russell* was decided prior to the effective date of Rule 39.01, the advisory commission comments to Rule 39.01 state that the rule "is consistent with prior practice." Moreover, we agree with the observation in *White* that "[a] party's vigorous participation in a bench trial, without so much as a mention of a jury, cannot be presumed the result of mere inadvertence, but can only be ascribed to

knowledgeable relinquishment of the prior jury demand." ***White***, 903 F.2d at 703. Consequently, we conclude that Berry and Bolin were not denied their constitutional right to a jury trial.[6]

Furthermore, we reject the defendants' assertion on appeal that they were denied the right to counsel under the circumstances. The trial court advised the defendants on November 17, 1999, that trial was scheduled to proceed on January 11, 2000, and that they could retain attorneys to represent them if they so chose. They did not retain counsel, but instead chose to rely on the common-interest insurance company's representation by attorney McLean. McLean, however, owed no duty to the defendants, having neither been retained by them nor indicating to them that he would protect their interests. ***See Beal***, 987 S.W.2d at 48-49 (recognizing that counsel for a co-defendant "first and foremost" had a duty to represent his client, and that the client's interests were best served by waiving the jury demand). The fact that attorney McLean filed an answer on behalf of Bolin did not confer upon McLean the duty to represent Bolin throughout the proceedings absent some agreement between the parties. The record contains no evidence of such an agreement. We also reject the defendants' claim that the failure to notify them of their co-defendant's settlement constituted a denial of due process. ***See id.*** at 49 (concluding that the defendant's failure to appear at trial constituted a consent to waiver of a jury demand where "[t]he record does not disclose any agreement among counsel not to withdraw their respective jury demands"). Thus, we affirm the trial court's decision in total.

The decision of the trial court is affirmed. Costs are taxed to the appellants, Rex A. Berry and William A. Bolin, and their sureties, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE

---

[6]Based on our finding that the defendants were not denied their right to a jury trial, we do not consider whether the proof would have supported a conclusion other than that reached by the trial court.