Huppenbauer v. Durlin.

## No. 3316.

### Fritz Huppenbauer v. Louis Durlin.

When a reconventional demand has been filed, the plaintiff is bound to take notice of its trial and of all adverse defenses set up in the cause which he himself has commenced against his adversary.

In this case a jury was prayed for by defendant. The case was tried without a jury. No bill of exceptions was taken by plaintiff to the trial, and no opposition to the trial without a jury was made by either party. Under such circumstances, this court will presume that a trial by jury was waived.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Wenck & Hufft*, for plaintiff and appellant. *W. H. Rogers, Samuel P. Blanc*, for defendant and appellee.

Taliaferro, J. The plaintiff brings this action to annul a contract of lease entered into between himself and the defendant in November 1866. The case was commenced in the District Court of the Parish of Jefferson. After a protracted delay and a loss of a part of the record, it was at length transferred to and reinstated in the Sixth District Court. The answer is a general denial, and the defendant sets up a reconventional demand against the plaintiff of five thousand dollars.

The judgment of the lower court dismissed the plaintiff's claim and awarded judgment in favor of the defendant on his reconventional demand for $2036, with interest, from which the plaintiff appealed. The appeal was devolutive and an execution issued. The plaintiff thereupon injoined the sale of his property seized under the execution, and prayed that the judgment upon which it issued be declared null and void. After the appeal was taken, it was set aside on rule in the lower court on the ground of the insufficiency of the surety on the appeal bond. In this court, on motion, the appeal was dismissed on the same ground. 23 An. p. 739. The defendant pleads *res judicata*, and offers in this court the record of the injunction suit, No. 3336, to show that in that case as in the one at bar the same grounds of defense are relied upon and that the plaintiff was pursuing two modes of revision at the same time, one by appeal and the other by action of nullity. The plaintiff objects that this record can not be received in evidence in this court as it makes no part of the record in the case now before this court on appeal. It is not necessary to pass upon this objection as it appears that the plaintiff relies mainly upon the ground that the case was tried in the court below, without the proper notice to him of the trial, and that the trial took place without a jury which had been prayed for and allowed by the court. The facts seem to be that the plaintiff himself had caused the case to be transferred to the Sixth District Court. He was in that court at his own instance. It appears that the case was fixed for trial by the clerk and called up for trial on the seventeenth of November, 1870. The plaintiff is presumed to have

Huppenbauer v. Durlin.

been in court by himself or counsel and to have had notice of the proceedings in the case. 1 Rob. 275; 10 An. 766. When a reconventional demand has been filed, plaintiff is bound to take notice of its trial and of all adverse defenses set up in the cause which he himself has commenced against his adversary. 13 An. 395. In this case a jury was prayed for by the defendant. The case was tried without a jury. No bill of exceptions was taken by the plaintiff to the trial and no opposition to the trial without a jury was made by either party. In such a case this court will presume that a trial by jury was waived. 8 An. 376.

We think the judgment of the lower court has not done injustice to the plaintiff.

The defendant asks an amendment of the judgment by increasing it to the sum of five thousand dollars, but this we are not satisfied he is entitled to.

It is therefore, ordered and decreed that the judgment of the District Court be affirmed with costs.