PRESTON v. WRIGHT ET AL.

1. **Judgment Entry:** MISNOMER: REGULARITY PRESUMED. The fact that a judgment in an attachment suit against A. E. S. was entered upon the judgment docket as against E. A. S., will not invalidate the whole proceeding, if the judgment upon the court record was duly entered as against A. E. S.; and, in the absence of any showing to the contrary, it must be presumed that it was so entered.

2. **Jury:** PARTY IN DEFAULT NOT ENTITLED TO. When a party is in default, the court is empowered to assess the damages without a jury, unless one be demanded by the party not in default. Code, § 2872.

3. **Execution:** CHANGE OF NAME IN: REGULARITY PRESUMED. Where the name of defendant in an execution has been changed by the cancellation of one of the initials and the insertion of another, the change will be presumed, in the absence of a showing to the contrary, to have been made before the sale, by one authorized to make it.

4. **Execution Sale:** APPOINTMENT OF APPRAISER BY SHERIFF: REGULARITY PRESUMED. Where it appears by the return of an execution that the plaintiff appointed one appraiser of the property, and the sheriff one, a failure of the sheriff to return that the defendant was absent, or that he refused to appoint an appraiser, will not render the sale void: —Following the principles of *Cavender v. Heirs of Smith,* 1 Iowa, 306, and *Hill v. Baker,* 32 Id., 302.

Preston v. Wright.

*Appeal from Pottawattamie District Court.*

FRIDAY, DECEMBER 15.

IN January, 1877, George F. Wright, one of the defendant's commenced an action against Amasa E. Swift for the recovery of $16,000, and caused to be attached seven hundred and forty-nine shares of the Council Bluffs Gas Light Company. At the April term, 1877, A. E. Swift entered an appearance and signed a stipulation for the continuance of the cause to the following November term. At the November term, 1877, A. E. Swift failed to appear, and the damages were assessed without a jury, and judgment was entered in favor of the plaintiff, George F. Wright, for the amount claimed. Execution issued, and on the 23d day of February, 1878, the attached property was sold thereunder to George F. Wright. In August, 1878, Amasa E. Swift filed his petition to be adjudicated a bankrupt. Willet S. Main was appointed assignee in bankruptcy, and, in October, 1879, he conveyed the property in his hands to the plaintiff, including four hundred and forty-nine shares of the capital stock of the Council Bluffs Gas Light Company. In August, 1880, the plaintiff commenced this action, alleging in his petition that the attachment proceedings, through which Wright claims to have acquired the shares of stock in question, were invalid, and praying that plaintiff be declared the owner of four hundred and forty-nine shares of stock, and that defendants be enjoined from interfering with the dividends due thereon. The court dismissed the plaintiff's petition, and he appeals.

*Steele & Jones,* and *Sapp & Lyman,* for appellant.

*W. S Mayne* and *Wright & Baldwin,* for appellee.

DAY, J.—I. The plaintiff insists that the judgment in the attachment proceeding was rendered against E. A. Swift,

1. JUDGMENT entry: misnomer: regularity presumed.

and not against A. E. Swift. The record does not support the plaintiff upon this question of fact. The record of the judgment itself is not

made a part of the abstract, and it is insisted by the appellee
that it shows a judgment regularly entered against A. E.
Swift. The entry upon the judgment docket, it is true, shows
a judgment against E. A. Swift. But this would not invali-
date the whole proceeding, if the judgment upon the court's
record was duly entered against A. E. Swift; and, in the
absence of any showing to the contrary, we must presume
that it was so duly entered.

II. The plaintiff complains because the damages were as-
sessed without a jury, and insists that the defendant in the
2. JURY: party attachment proceeding had a constitutional right
in default not
entitled to. to a jury, of which he could not lawfully be de-
prived. It is true that, if the defendant had answered, and
appeared at the trial and demanded a jury, he would have
been entitled to one. But the defendant was in default for
want of an answer, and thereby he in effect waived his right
to demand a jury. Where either party is in default, the court
is empowered to assess the damages, unless a jury be de-
manded by the party not in default. Code, § 2872. A party
who is in default is not entitled to a jury to assess damages.
*Wilkins v. Treynor*, 14 Iowa, 391; *Carleton v. Byington*, 17
Id., 579; *Armstrong v. Catlin*, Id., 581.

III. The name of the execution defendant appears in the
execution in the following form: A. E. Swift. It would seem
3. EXECUTION: that the name was originally written E. A. Swift,
change of
name: regu- and that it was afterward changed by crossing out
larity pre-
sumed. the E, and writing it after the A. The appellant
insists that the change was made after the sale, by George
F. Wright, and that he admits in his testimony that he made
it. The claim that Wright admits he made the change arises
clearly from a misapprehension of the testimony. What
Wright admits to be in his handwriting is a portion of the
officer's return to the execution. Respecting the change of
the name in the execution, he says he does not know who
made it, but thinks it is in the handwriting of Warren, the
clerk of the court. There is no proof whatever as to the time

VOL. LX—23

when this change was made, and it cannot be presumed that it was fraudulently made by one not authorized to do so, and after the sale. The appellant being mistaken as to the facts, the authorities cited and relied upon do not apply.

IV. It appears that the plaintiff appointed one appraiser of the property and the sheriff appointed one. The return

**4. EXECUTION sale: appointment of appraiser by sheriff: regularity presumed.** does not show that the defendant was absent, nor that he refused to appoint an appraiser. It is claimed that this vitiates the sale. The appellant relies, for the most part, upon authorities reviewed in *Cavender v. The Heirs of Smith*, 1 Iowa, 306, and held not applicable to our statute, and in *Hill v. Baker*, 32 Id., 302, declared to "recognize a strictness of construction against the title acquired at an execution sale, which is in conflict with the law as declared in most of the states, and not in harmony with the genius of our own decisions, the policy of which is to uphold judicial sales." Although this exact question was not involved in *Cavender v. The Heirs of Smith*, nor in *Hill v. Baker*, *supra*, yet it results from the principles approved in those cases, that a failure of the sheriff to return that the execution defendant was absent or refused to appoint an appraiser, will not render the sale void.

V. Notice of the levy of the attachment was served on Joel Eaton, jr., the secretary of the Council Bluffs Gas Light Company. The petition alleges that he is the holder of seven hundred and fifty shares of the capital stock, and that they were transferred to him by Amasa E. Swift without consideration, for the purpose of placing them beyond the reach of creditors. Testimony was offered for the purpose of showing the manner and circumstances of the transfer of this stock to Eaton. Upon objection of defendant the testimony was rejected. The offered evidence was altogether foreign to any issue properly involved in this case. The plaintiff is endeavoring to obtain four hundred and forty-nine of the shares held by Wright. It is altogether immaterial in what manner Eaton acquired the shares claimed by him.

The record discloses no error.        AFFIRMED.