HUNTER *v.* SHEPPARD *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed July 17, 1948.

LUTHER CREASY, of Gallatin, for appellant.

HAROLD HOWSER, and THOS. BOYERS, both of Gallatin, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed by the complainant Hunter against the defendants Sheppard, et al. to enjoin the enforcement of a judgment at law secured by Sheppard against Hunter in an action in negligence arising out of the operation of an automobile. The bill assails the judgment at law on two grounds, viz.; (1) that in the suit at law the Court had no jurisdiction of the person of the defendant Hunter because there had been no service of process upon him. (2) That, after default judgment for failure of defendant to appear, an order awarding an inquiry to fix the amount of damages had been entered in which there was a fatal defect or variance in that it was alleged in the order that damages were to

be assessed "for an assault and battery," when the declaration sought damages for the negligent operation of an automobile.

The appellant has abandoned ground one of the attack upon the judgment and by stipulation has agreed that the certified copy of the summons showing service had upon all the defendants in the law suit, was true and correct and that the defendant in the present case, Sheppard, should not be compelled to introduce other evidence than the certified copy of the summons to show the correctness of the return thereon.

From what we have stated, it results that the appeal here presents only the correctness of the Chancellor's holding that the words "for an assault and battery" in the order awarding an inquiry to fix the amount of damages, were harmless surplusage and could be elided without affecting the validity of the final judgment.

■ The appellant has made numerous assignments of error but they are for the most part insufficient under our rule 14, (173 Tenn. 874) since they fail to state "Wherein the action complained of is erroneous, and how it prejudiced the rights of the appellant."

Appellant states in his brief that all the assignments of error boil down to two propositions, and in the first proposition he says: 'It is the contention of complainant-appellant that a void judgment may be directly attacked by a bill filed in the Chancery Court for that purpose. The original bill filed in this cause was filed for that purpose and complainant-appellant thereby directly attacked the validity of said judgment rendered in the case, and the Chancellor should have sustained the bill in this case and perpetually enjoined the defendants from enforcing the collection of said judgment. We respectfully insist that

the action of the Chancellor to the contrary constitutes error. In support of this contention of complainant-appellant, we cite and rely upon the authorities that follow:"

He follows this with a long list of authorities where Chancery Court has set aside void judgments. However, he begs the preliminary and essential question by failing to give authority to prove that the final (not interlocutory) judgment before us here is void. We think the appeal and the questions thereby presented resolves itself into a consideration of appellant's proposition two, which is as follows: "Complainant-appellant earnestly insists that the judgment in the Circuit Court case which is complained of in the original bill in the case at bar is utterly void and of no effect, the cause of action alleged in the declaration filed in said case being based upon alleged acts of negligence averred against the defendants therein, and the default judgment rendered in said case could not have been based upon any other cause of action. However, the Circuit Court rendered a default judgment against the defendants therein for damages 'for assault and battery'. This is the main proposition complainant-appellant relies upon for a reversal of this cause. The judgment in the Circuit Court went beyond the scope of the pleadings in that case and the Court's action in so doing rendered said judgment void, the same being without pleadings to support it."

■ ■ The pertinent part of the order under attack is as follows: "On motion of the plaintiff the defendants were solemnly called to come into Court and make defense to the plaintiff's declaration for damages for assault and battery, but, notwithstanding this call, the defendants came not. It is therefore considered by the

Court that the plaintiff have and recover of the defendants his damages and costs; but the amount of said damages not clearly appearing to the Court, it is considered and adjudged that the plaintiff have a writ of inquiry with respect to his said damages, which writ of inquiry shall be executed at the succeeding term of the Court.''

This was an interlocutory judgment. ''The judgment is interlocutory where a writ of inquiry must be issued thereon, or some other act done involving a future inquiry to determine the amount of recovery.'' 49 C. J. S., Judgments, sec. 216, p. 381.

The final judgment in law case was:

''In this cause the plaintiff moved the Court that the writ of inquiry heretofore granted be executed and that the plaintiff be awarded judgment against the defendant. The plaintiff also expressly recalled his demand for a jury and moved that the Court himself executed the inquiry.

''Whereupon, on the examination of the witnesses in open Court and argument of counsel, it is considered by the Court that plaintiff's damages amount to Five Hundred Dollars ($500.00).

''It is therefore ordered, adjudged and decreed that plaintiff have and recover of the defendants, Virgil Grant and Charlie Hunter, the sum of Five Hundred Dollars ($500.00), and the costs of this cause, for which let execution issue.''

 Since the effect of the stipulation is to admit that the Lower Court had jurisdiction of the person of the defendant, and there is no doubt that the Circuit Court, being a court of general jurisdiction, had jurisdiction of the subject matter, every reasonable presumption will be indulged to support the regularity of the pro-

ceedings in the law suit and the validity of the final judgment therein. *Wilkins* v. *McCorkle*, 112 Tenn. 688, 80 S. W. 834. Before the hearing on the inquiry the plaintiff withdrew his demand for a jury. This he had a right to do. *Taylor* v. *Sledge*, 108 Tenn. 719, 69 S. W. 266.

The Trial Judge then heard evidence and argument of counsel and fixed the amount of damages. We think it must be conclusively presumed that in fixing the amount of damages he considered the declaration, (1) to determine the limit of the amount of damages, (2) to determine the cause of action from which the damages arose. *McCartney* v. *Gamble*, 184 Tenn. 243, 245, 198 S W. (2d) 552; *Page* v. *Turcott*, 179 Tenn. 491, 503, 167 S. W. (2d) 350; *Pope* v. *Harrison*, 84 Tenn. 82; *Kindell* v. *Titus*, 56 Tenn. 727.

Clearly the Chancellor was correct in holding that the insertion of the words "for assault and battery" in the order awarding the Writ of Inquiry was surplusage and did not affect the validity of the final judgment. "Surplusage does not vitiate". No. 38, sec. 64, p. 80, Gibson's Suits in Chancery, 1937 Edition.

The Trial Judge could correct this clerical error at any time since it was apparent on the face of the record, (*College, etc. Mining Co.* v. *Smith*, 160 Tenn. 93, 21 S. W. (2d) 1038) and we conclusively presume from the final judgment entered in the suit at law, that he did so.

Finally, it is to be considered that the original bill from which this appeal arises was filed in the Chancery Court to attack a judgment at law. The Chancellor's jurisdiction of such a cause is limited by well defined principles of equity. He does not preside over a court of review or appeal for the correction of errors and irregularities in the Circuit Court, but his jurisdiction to

hear the cause and grant relief arises only when it appears that principles of equity require that action and that effective relief can be decreed. Accordingly, it is the general rule that the complainant to secure an injunction must show that the judgment was obtained by fraud, accident or mistake or that he has a meritorious defense which through no fault of his own, he was prevented from making. Gibson, *supra*. Freeman, Judgments, 5th Ed. Vol. 3, p. 2468. The complainant here does not assert that the judgment at law was rendered against him by fraud, accident or mistake, and he has introduced no proof whatever that he has any defense to the law suit from which the judgment resulted. While this Court is committed to the minority rule (*Myers* v. *Wolf*, 162 Tenn. 42, 56, 34 S. W. (2d) 201; *Martin* v. *Slagle*, 178 Tenn. 121, 156 S. W. (2d) 403; 49 C. J. S., Judgments, sec. 349, p. 705) that a Court of Equity in Tennessee will not require assertion of a meritorious defense before affording relief to set aside a judgment void for want of jurisdiction of the person of the defendant, we find no authority in our cases for extending the departure from the majority rule, and holding in any other case that equity will set aside or enjoin a judgment at law without first requiring complainant to show a meritorious defense.

For the reasons stated, the Chancellor's decree is affirmed at appellant's cost.

All concur.