RUSSELL *v.* HACKETT *et al.*

(*Nashville*, December Term, 1949.)

Opinion filed May 5, 1950.

SOLON FITZPATRICK, of Carthage, for plaintiff in error.

CLINT BEASLEY, of Carthage, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

Plaintiff, Harry Russell, sued defendants, Edgar Hackett and C. B. Taylor, for damages claimed to have been caused to his motor truck by their negligence. Hackett appeared in court and defended the suit, but Taylor, though called, did not appear in court, and when the case was called for trial, judgment by default was entered against Taylor on June 28, 1948. Thereafter, on the same day, plaintiff Russell and defendant Hackett waived the jury trial which had been demanded by plaintiff in his declaration.

The case was then heard before the trial judge without a jury, who found the issue in favor of defendant Hackett and dismissed the action as to him, but rendered final judgment for $400 and costs in favor of plaintiff Russell and against defendant Taylor. Taylor appealed to the Court of Appeals and that Court affirmed the judgment of the lower court. Taylor has filed petition for writ of certiorari to this Court.

Taylor insists, in that the action was for unliquidated damages, the trial judge should have impaneled a jury to assess the damages, and his failure to do so constitutes reversible error. Taylor relies upon Sections 8804 and 8805 of Williams' Code, which are as follows:

8804. "Judgment by default.—If the defendant fail to appear and defend at the time prescribed by law, judgment by default may be taken against him."

8805. "Final or interlocutory.—In such case, the judgment is final if the amount of the plaintiff's claim can be ascertained by simple calculation from the papers; when the amount cannot be thus readily ascertained,

the damages will be assessed by a jury impaneled at the same term for the purpose."

In *Taylor* v. *Sledge, Wells & Co.*, 108 Tenn. 719, 69 S. W. 266, the plaintiffs sued for unliquidated damages and in their declaration demanded a jury. Defendant having failed to appear and plead, judgment by default was entered against him, and a writ of inquiry was a-warded to ascertain the damages. At the next term the plaintiffs waived the jury, and the trial judge heard evidence and found the amount of damages. In that case this Court held that the plaintiffs might waive the jury, defendant not being present and objecting; that it was not error for the trial judge to find the amount of damages, and said, 108 Tenn. at pages 721-722, 69 S. W. at page 267: "The jury having been once called for by the plaintiff, he could not dispense with such jury over the objection of defendant. But either party waives his right to a jury by failing to insist upon one at the proper time. *East Tennessee, V. & G. Ry. Co.* v. *Martin,* 85 Tenn., 134-138, 2 S. W. 381; *Coulter* v. *Wood Sewing Machine Co.,* 3 Lea, 115. The statute provides that the jury, if demanded, may subsequently be waived by the consent of both parties, but this consent may be express or implied. Cases supra. *Louisville & N. R. Co.* v. *Trent,* 16 Lea, 419-422. Such has been the holding in other states. *O'Flynn* v. *Holmes,* 8 Mich. 95, 97; *Huppenbauer* v. *Durlin,* 26 La. Ann. 540; *White* v. *Moris,* 107 N. C. 92, 101, 12 S. E. 80; *Preston* v. *Wright,* 60 Iowa, 351, 353, 14 N. W. 352."

The Sledge case is referred to with approval in the later case of *Hunter* v. *Sheppard et al.,* 187 Tenn. 99, 213 S. W. (2d) 19.

Taylor having been properly brought before the trial court by service of process, did not appear and defend the suit. Therefore, his consent to the waiving of the jury was implied.

We find no merit in the petition for writ of certiorari and it is denied.

All concur.