# AGRICULTURAL INSURANCE COMPANY v. FRANK ROBERT HOLTER et ux. —318 S. W. (2d) 433.

Middle Section.   August 1, 1958.

Certiorari denied by Supreme Court December 12, 1958.

Thomas G. Watkins, Sims Crownover, and Thomas P. Gore, Nashville, for Agricultural Ins. Co.

Barksdale, Hudgins & Osborn and Walter C. Leaver, Jr., Nashville, for Frank Robert Holter, et ux.

FELTS, J. This was a suit on a fire insurance policy on plaintiffs' dwelling house to recover for loss and damage to the house caused by fire and smoke, and for penalty of 25% under our statute for insurer's bad faith refusal to pay (T. C. A. sec. 56-1105).

Defendant insurer filed a plea averring that plaintiffs' suit was not maintainable because defendant had demanded an appraisal of the loss and damages, and appraisers and an umpire had been appointed, but the appraisal had not been made. Defendant further pleaded *non assumpsit, nil debit,* and that plaintiff had not submitted proof of loss.

The case was tried before the Judge without a jury upon evidence adduced by plaintiffs, the defendant adducing none. One witness estimated loss and damage at $3,887, another at $3,400, and a third at $2,487.74. The Trial Judge entered judgment for plaintiffs for $2,487.74, plus a penalty of 25%, or $621.93, and the costs.

Defendant insurer appealed in error and has assigned errors insisting (1) that the Trial Judge should not have tried the case as he did on July 12, 1957 (assignments Nos. 1-5); (2) that the Court should have found plaintiff

Dr. Frank Robert Holter guilty of fraud and false swearing, avoiding the policy (No. 6); and (3) that the Court erred in rendering judgment for plaintiffs for $2,487.74 and 25% penalty and costs (Nos. 7-12).

On March 16, 1954, defendant issued the policy on plaintiffs' house for $12,350 for five years. On February 17, 1955, plaintiffs suffered a loss to the house by fire and smoke. They promptly notified defendant; it sent its adjuster, and he inspected the house, told plaintiffs to get an estimate of the loss by a building contractor, naming three contractors. Plaintiffs got an estimate by one of these contractors in the sum of $2,500. But defendant would not pay that amount or authorize repairs of the house.

On or about April 1, 1955, defendant demanded an appraisal of the loss, as provided in the policy. Plaintiffs agreed, appointed an appraiser, and defendant appointed one. But the latter failed or refused to agree with the other appraiser on an umpire. Then plaintiffs, under the terms of the policy, asked Judge Dews to appoint an umpire, and on May 6, 1955, he appointed Mr. I. H. Gibson as umpire. Defendant litigated that appointment, which was sustained by the Supreme Court. Agricultural Ins. Co. v. Holter, 201 Tenn. 345, 299 S. W. (2d) 15.

Defendant failed or refused to comply with the policy provisions for an appraisal. As stated, it not only litiated the appointment of an umpire, but its appraiser persisted in refusing to meet with the other appraiser and the umpire and appraise the amount of the loss; and defendant continued in its refusal to pay. So plaintiffs brought the present suit, with the result above stated.

■ Defendant's assignment of error No. 1 is that the Trial Court erred in declining to sustain defendant's exception to a trial of this case on the merits on July 12, 1957, because the case was then before the Court only upon plaintiff's motion and not before the Court by regular call of the trial docket.

We think there was no error in this. It had been more than two years since the loss occurred on February 17, 1955. On June 18, 1957, plaintiffs moved the Court for a final judgment on the pleadings. On June 21, this motion was heard and an order entered continuing the case to a date to be fixed by the Court, "at which time additional proof or evidence may be submitted by the parties". Again, on July 9, 1959, plaintiffs entered a motion to dispose of the case; and on July 12, it was heard and by minute entries of July 12 and 19, judgment was entered for plaintiffs, as above stated.

■ Defendant's assignment No. 2 is that the Court erred in declining to sustain its objection to "the hearing of the cause on its merits as the Company was without notice of such a purpose of Defendant-in-Error" (plaintiffs). We think that plaintiffs' written motions aforesaid gave adequate notice to defendant of their purpose to have the case disposed of on the merits, and there is no merit in this assignment.

■ Assignment No. 3 is that the Court erred in overruling defendant's motion to continue the case in order that "it might have present its witnesses for a hearing upon the merits". As we have seen, the Court, on June 21, continued the cause to a date to be fixed, so that either party could offer its evidence; and by plaintiffs' motion entered of record July 9, defendant was notified

that the matter would be heard the next motion day, July 12, and could and should have had its witnesses present for such hearing.

Assignment No. 4 is that the Court erred in "failing to sustain the objection" of defendant "to a hearing and determination of this cause upon the merits", on July 12, 1957, because the case had already been continued to the October, 1957 term by Presiding Judge Langford.

We find nothing in the record to support this assignment. There is no showing that defendant made any such objection *at the hearing on July 12, 1957,* or that the case had in fact been continued to the October, 1957 term. The only reference in the record to this matter is in defendant's motion for a new trial where it asserted that the Trial Judge had no authority to hear the case over defendant's objection because the case had already been continued.

But the motion for a new trial is a mere pleading, not evidence, and is insufficient to support any ground of error which does not appear in the bill of exceptions. Sherman v. State, 125 Tenn. 19, 140 S. W. 209; Hagood v. State, 183 Tenn. 49, 190 S. W. (2d) 1023; Koehn v. Hooper, 193 Tenn. 417, 246 S. W. (2d) 68; Farmer v. State, 196 Tenn. 253, 265 S. W. (2d) 555.

In an effort to support this assignment, defendant has filed a so-called "Transcript Supplement" with the Clerk, which is a certificate signed by a Deputy Circuit Court Clerk, stating that on the call of the jury docket for the May, 1957 term, this cause was continued by Judge Langford to the October, 1957 term; that his "records so show"; but that such continuance was not entered on the minutes of the Court.

■ This certificate of the Clerk is no part of the technical record, no part of the bill of exceptions, and no part of the record before us. There is no authority of law for the filing of such a certificate by the Clerk. Manifestly, we cannot look to it for any purpose. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App. 394, 407-410; Sweeney v. Carter, 24 Tenn. App. 6, 11-12, 137 S. W. (2d) 892; Anderson v. Sanderson, 25 Tenn. App. 425, 429, 158 S. W. (2d) 374.

Defendant's assignment No. 5 is that the Court had no authority to try this case without a jury because plaintiffs had demanded a jury in their declaration, "which demand could not be waived without the consent of Plaintiff-in-Error" (defendant).

■ It appears from the record that at the hearing plaintiffs waived their demand for a jury; and it does not appear that defendant objected to such waiver at the hearing. Plaintiffs could waive their demand for a jury with consent of defendant, and such consent was implied by defendant's failure to object at the hearing. Russell v. Hackett, 190 Tenn. 381, 230 S. W. (2d) 191.

It is true that defendant asserted in its motion for a new trial that the Court had no authority to try this case without a jury, since a jury had been demanded by plaintiffs and could not be waived without defendant's consent.

■ There are two answers to this: (1) defendant had already consented, since the record failed to show it objected at the hearing to the waiver of the jury trial (Russell v. Hackett, supra); and (2) a new trial will not be granted to enable a defendant to avail himself of

matter which he might have presented on the trial but raised for the first time in his motion for a new trial. Tennessee Oil Co. v. McCanless, 178 Tenn. 683, 703, 157 S. W. (2d) 267, 162 S. W. (2d) 1081.

■ Defendant's assignment No. 6 is that the Court erred in declining to hold that plaintiff Frank Robert Holter had been guilty of fraud and false swearing which avoided the policy. This was an affirmative defense and the burden of proving it was on defendant. Clift v. Fulton Fire Insurance Co., 44 Tenn. App. 483, 315 S. W. (2d) 9, and cases there cited. As stated, defendant adduced no proof either as to the amount of the loss or to support its charge of fraud and bad faith against Dr. Holter.

■ Defendant's assignment No. 7 is that the Court erred in rendering judgment for plaintiffs Frank Robert Holter and wife, because she was not joined in the summons or declaration as a party plaintiff. This nonjoinder was not raised by plea, motion, or otherwise before or at the trial below or in the Trial Court at all, and cannot now raise for the first time on appeal, but will be treated as waived. T. C. A. secs. 20-1503, 1505; secs. 21-606, 21-809, 810; Park City v. Owens, 7 Tenn. Civ. App. 359, 365; Higgins and Crownover, Tennessee Procedure in Law Cases, sec. 337.

■ Defendant's assignment No. 8 is that the Trial Judge erred in rendering judgment for plaintiffs against defendant "for alleged failure to comply with the arbitration, there being absolutely no pleading to support such judgment". There is no merit in this assignment. The suit was based on the policy, and the declaration alleged the policy contract, and the breach—the occurrence

of the loss and defendant's bad faith refusal to pay such loss. By way of defense defendant set up the alleged arbitration, but the proof showed that defendant had failed to comply with the arbitration provisions.

Defendant's ninth assignment is that the Trial Judge erred in rendering judgment for plaintiffs against defendant, "there being no competent evidence to support the same". We find no merit in this assignment. Defendant's demand for arbitration was a confession of liability on the policy (Gulf Compress Co. v. Insurance Co., 129 Tenn. 586, 592, 167 S. W. 859) and all the proof shows that the amount of the loss was as much or more than the amount of the judgment.

Defendant's tenth assignment is that the Court erred in rendering judgment for plaintiffs against defendant "upon the report of I. H. Gibson for the sum of $2,487.74 as damages under a certain policy of insurance", because there was "no basis in the pleadings or proof to support such judgment". This assignment is likewise without merit for the reasons stated in overruling assignments Nos. 8 and 9.

Assignment No. 11 complains of the action of the Trial Judge in rendering judgment for plaintiffs against defendant for 25% penalty, because there was "no competent proof to justify the imposition of the same nor pleadings to support it". And assignment No. 12 complains of the Court adjudging the costs against defendant.

There is no merit in either of these assignments. The judgment for the penalty finds ample support in the pleadings and the proof. Count 2 of the declaration

alleged that defendant was guilty of bad faith in refusing to pay the amount of the loss and that such refusal had inflicted additional expense on plaintiffs in excess of the 25% penalty.

The proof amply supported the charge that defendant had refused in bad faith to pay the loss. The loss occurred February 17, 1955. Plaintiffs promptly notified defendant and its agent inspected the premises. Upon defendant's suggestion, plaintiffs got an estimate of the amount of the loss from one of the contractors named by defendant's agent. Defendant refused either to repair the property or to pay anything for the loss. It demanded an arbitration, and then refused to comply with the arbitration, and litigated this matter for about a year.

Then when plaintiffs brought this suit on the policy, defendant filed a plea denying liability, despite the fact that it had already confessed liability by demanding the arbitration. Gulf Compress Co. v. Insurance Co., supra. And for more than three years now defendant has persisted and continued to deny liability and to refuse to pay anything on account of the loss. Moreover, when, by its refusal to pay, it forced plaintiffs to bring this suit, it charged Dr. Holter with fraud and false swearing, without adducing any proof to support such charge.

All of defendant's assignments of error are overruled. The judgment of the Circuit Court is affirmed and judgment will be entered here for plaintiffs against defendant and the surety on its appeal bond for the amount of the judgment below with interest and the costs of the appeal in error.

Hickerson and Shriver, JJ., concur.