Stephen DAVIS, Plaintiff–Appellee,

v.

William D. BALLARD, Defendant–
Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Nov. 12, 1996.

Application for Permission to Appeal
Denied by Supreme Court
April 7, 1997.

Robert E. Rose, Bartlett, for Plaintiff–
Appellee.

Irvin M. Salky, Memphis, for Defendant–
Appellant.

CRAWFORD, Presiding Judge, Western
Section.

This case involves the constitutional right to a trial by jury. Defendant, William C. Ballard, appeals from the judgment of the trial court, sitting without a jury, that awarded a money judgment to plaintiff, Stephen Davis.

On September 26, 1991, Davis filed a complaint against Ballard for conversion of his inventory, office merchandise, cash, and other personal items. Although Ballard was apparently served with process, he did not file an Answer until March 20, 1992. Davis and Ballard both demanded a jury in their pleadings.

When the case was originally set for jury trial, it was continued by consent at the request of Davis. At a subsequent jury call, the case was set for trial on September 26, 1994. When Ballard failed to appear at trial, Davis waived trial by jury and presented sworn testimony in open court. On September 26, 1994, the trial court entered a judgment against Ballard in the amount of $80,-000.00 after finding him guilty of conversion of Davis's property. On October 25, 1994, Ballard filed a Motion for New Trial, Relief from Judgment and to Set Aside Judgment which the trial court denied by order entered June 6, 1995. Ballard filed a notice of appeal on July 5, 1996, and on the same date filed a Motion to Reconsider which the trial court also denied. Ballard has appealed, and the only issue for review is whether the trial court erred, in a case set for jury trial, in conducting a trial without a jury without his consent.

The Constitution of Tennessee provides that "the right of trial by jury shall remain inviolate." Tenn. Const. art. I, § 6. Once a trial by jury is demanded, the demand may not be withdrawn without the consent of all parties as to whom issues have been joined. Tenn.R.Civ.P. 38.05. The Committee Comment notes that this rule is consistent with previous practice. See T.C.A. § 20–1206 (1955) which codifies Chapter 4, Sec. 1, Public Acts of 1875 as also codified previously as Sec. 8737, Williams Tennessee Code Annotat-

ed; *Taylor v. Sledge, Wells & Co.*, 108 Tenn. 719, 722, 69 S.W. 266 (1902); *Hunter v. Sheppard*, 187 Tenn. 99, 105, 213 S.W.2d 19, 22 (1948).

Ballard argues that he never agreed or consented to the case proceeding to trial without a jury, and that he did not waive his right to have his case heard and decided by a jury. Although the waiver of a jury demand requires the consent of all parties, that waiver may be either express or implied. *Russell v. Hackett*, 190 Tenn. 381, 230 S.W.2d 191, 192 (1950). In *Russell*, the Tennessee Supreme Court held that a co-defendant who did not appear at trial waived his right to a jury trial by implication. *Id.* The Supreme Court said, "Taylor (the co-defendant) having been properly brought before the trial court by service of process, did not appear and defend the suit. Therefore, his consent to the waiving of the jury was implied." *Id.* In that case, the plaintiff originally demanded a jury but waived that demand after the co-defendant failed to appear. The trial was conducted in his absence, and the judgment for unliquidated damages awarded by the trial court sitting without a jury was upheld. *Id.*

The law in 1950 required that both parties consent before demand for jury could be waived. The Supreme Court held that the failure to appear is an implied consent to the waiver of jury trial. *Id.* Our present law requiring all parties to consent to waiver of a previous jury demand, Tenn.R.Civ.P. 38.05, is the same that existed when the Supreme Court decided *Russell*. Therefore, we must follow the Supreme Court's ruling in *Russell*. In the instant case, Ballard did not appear at trial, "[t]herefore, his consent to the waiving of the jury was implied." *Id.*

Ballard also argues that there can be no implied waiver because of the circumstances of this case. Ballard's counsel claims that he extended Davis's counsel common courtesy by allowing him to continue the trial when it was first scheduled. When the case was called the second time, Davis proceeded without Ballard. Ballard asserts that Davis's counsel should have returned the favor. Davis's attorney argued that Ballard had

procrastinated and delayed the trial, and that he felt it was time to zealously represent his client. While we believe that professional courtesy should be the norm of our profession, there is nothing legally wrong with the actions of Davis's counsel.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded for such further proceedings as are necessary. Costs of the appeal are assessed against the appellant.

HIGHERS and FARMER, JJ., concur.