IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## VINCENT D. CARSON (CASON) v. RICHARD M. GILLELAND

**Appeal from the Circuit Court for Wilson County**
**No. 11092    John Wootten, Jr., Judge**

---

**No. M2002-01082-COA-R3-CV - Filed August 29, 2003**

---

This personal injury action by an undercover law enforcement officer resulted in judgment against Appellant and two co-defendants. Appellant is an inmate with the Department of Corrections and after filing a pro se answer to the complaint took no further action in defense and more than two years after his answer was filed the case was heard in his absence and resulted in a judgment for $5,000,000.00. Plaintiff appeals and we affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Vincent D. Carson, Clifton, Tennessee, Pro Se.

Gary Vandever, Lebanon, Tennessee, for the appellee, Richard. M. Gilleland.

### OPINION

On January 7, 2000, Richard M. Gilleland filed suit against William L. Cason, Vincent DeQuan Cason and Antonio Teran Seay, asserting that on January 7, 1999, while employed as an undercover narcotics agent with the Tennessee Bureau of Investigation, he was assaulted by the three defendants and during an ensuing scuffle was shot and severely wounded by the defendants, William and Vincent Cason. He sought compensatory damages in the amount of $5,000,000.00 and demanded a jury to try the case.

On February 14, 2000, the defendant, Vincent D. Cason, filed, pro se, an answer denying the allegations of the complaint. He made no demand for a jury.

On December 20, 2001, the trial court entered an order setting the case for trial on April 4, 2002, beginning at 9:00 a.m. at the Wilson County Courthouse in Lebanon, Tennessee. A copy of this order was served upon Vincent D. Cason at South Central Correctional Facility in Clifton, Tennessee.

The defendants, William L. Cason and Antonio Seay, never having answered the Complaint, Plaintiff, on January 18, 2002, filed a Motion for Default Judgment against these two defendants. This motion was granted on March 13, 2002, and default judgment was entered against them and the case set for trial on the issue of damages on April 4, 2002.

The cause was heard as scheduled on April 4, 2002 and following this hearing, the trial court on April 15, 2002 entered the following order:

> This cause came on to be heard on the 4th day of April, 2002 on the Complaint as heretofore filed by the Plaintiff on January 7, 2000, the Default Judgment heretofore entered against the Defendants, William L. Cason and Antonio Teran Seay, on the 13th day of March, 2002 and the Court's Order setting the matter for trial; and
> It further appearing to the Court that the Defendants, William Lonradus Cason, Vincent DeQuan Cason and Antonio Teran Seay, all received notice of the trial by Notice of the Court dated December 20, 2001, and it further appearing to the Court that the Defendant, Vincent DeQuan Cason, failed to appear and defend, and that the Plaintiff moved for Default Judgment against the Defendant, Vincent DeQuan Cason, which the Court granted and ORDERED that the Complaint be taken as confessed and that Judgment by Default be entered against the Defendant, Vincent DeQuan Cason.
> This cause then came on for trial before the Honorable John Wootten, Jr., Judge, trial by jury being waived by the Plaintiff, and upon the testimony of the Plaintiff, Richard M. Gilleland, the Court **FINDS and ORDERS** that the Plaintiff shall have Judgment against the Defendants, Vincent DeQuan Cason, William L. Cason and Antonio Teran Seay, jointly and severally, for the sum of Five Million dollars ($5,000,000.00) and the costs of this cause for which let execution issue if necessary.

Defendant, Vincent D. Cason, pro se, timely appealed. The issue on appeal as asserted by the appellant is "whether the trial court erred when it deprived the defendant of the right to trial by jury and it entered a default judgment against the defendant." Appellant succinctly states his case in his brief:

> The defendant is an indigent pro se layman at law who believed that once his answer to the complaint lodged against him was filed, that the court would insure that he would be transported to court on orders from the court so that defendant would have a chance to answer the complaint against him at trial.
> However, an order to transport him to court was never issued by the court and as a result, on the day of trial, the plaintiff was allowed to waive the trial by jury and subsequent to the testimony of the plaintiff, an order that the plaintiff should have a Judgement against the defendant's in the amount of Five Million dollars ($5,000,000.00) was entered by the Court. [sic]

This pro se defendant was proceeding in the case (or failing to proceed) under the mistaken assumption that, after filing his answer, he need do nothing but wait for the trial court to send for him and arrange for his physical presence at the trial. While Appellant has a right to reasonable and meaningful access to the Court, like any other litigant, he must take some action to defend himself rather than simply wait for the axe to fall. In this case, he filed an Answer but made no demand for a jury, made no discovery request, never moved for a continuance, made no motion to be allowed to attend the trial, made no motion to hold the case in abeyance until he was released from custody and, in fact, did nothing at all.

This Court has held:

> A prisoner's constitutional right of access to the courts does not encompass the right of the prisoner to appear personally in all instances and present his version of the facts. *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976). As long as the inmate and his counsel are afforded adequate opportunity to confer confidentially and to petition the court about matters in controversy, the right of access is satisfied. *Id.* at 735. It is within the discretion of the court to determine whether an inmate shall attend court proceedings held in connection with an action initiated by the inmate. *Id.*
>
> This Court is aware of no authority granting a prisoner defendant a right to be present in a civil matter. However, Tenn.Code Ann. § 41-21-304 is instructive in this regard. In pertinent part the statute provides as follows:
>
> > (a) In no civil case can a convict be removed from the penitentiary to give personal attendance at court, but his testimony may be taken by deposition, as in other case . . .
>
> The court in *Whisnant v. Byrd, supra*,[1] found the plaintiff's limited right to personally appear in civil matters to be based upon certain provisions of the Tennessee Constitution as cited above. However, there appears to be no basis, constitutional or otherwise, to extend this right to party defendants. Accordingly, we opine that the current status of the law is that party defendants have no absolute right to be in attendance at the hearing of a civil matter.
>
> This, in our opinion, would not prohibit a defendant from vigorously defending against a civil matter. His unavailability for hearings and trials would not prohibit him from presenting matters to the court on his behalf. His testimony, as well as that of other prisoner witnesses, may be presented by deposition in accordance with Tenn.Code Ann. § 41-21-304. Moreover, a prisoner defendant may engage counsel to represent him. As long as the prisoner defendant is afforded ample

---

[1] *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975) was overruled in part by *Sanjines v. Ortwein & Assoc.,P.C.*, 984 S.W.2d 907 (Tenn. 1998). *Sanjines* provides a more restrictive rather than less restrictive procedure in prisoner plaintiff cases and is not relevant to the case at bar.

opportunity to present his side of the controversy, there is no need for him to appear personally. *See Stone v. Morris, supra.* However, unlike the case of the prisoner plaintiff, it would be inappropriate to hold the matter in abeyance until the prisoner's release from custody. If adequate opportunity to present a meaningful defense has been afforded, we see nothing to prohibit the court from proceeding with the matter in the absence of a prisoner defendant. To this end, we note that this decision of whether or not to allow a defendant-prisoner personally to appear in a civil trial against him is within the sound discretion of the trial court.

A prisoner's unavailability for hearings and trials is due to his conviction. We are unaware of any authorities giving compelling reasons to remove prisoners from their self-caused restrictions and proceed with the case as though they could proceed at will. *See Seybold v. Milwaukee County Sheriff*, 276 F.Supp. 484 (E.D.Wis.1967).

*State of Tennessee, Dept. of Children's Services v. Winifred Lynn Moss*, 1998 WL 122716 at * 4 (Tenn. Ct. App. 1998).

Appellant further asserts that although he never demanded trial by jury, such demand was made in the Complaint and that Plaintiff could not, without his consent thereafter, waive trial by jury under T.R.C.P. Rule 38.05. Such is not the rule in Tennessee. *Russell v. Hackett*, 230 S.W.2d 191 (Tenn. 1950); *Davis v. Ballard*, 946 S.W.2d 816 (Tenn. Ct. App. 1996); *Beal v. Doe*, 987 S.W.2d 41 (Tenn. Ct. App. 1998).

"Whatever may be the restrictions on implied waiver in federal courts and in other state jurisdictions, it is clear that Tennessee still follows *Russell v. Hackett*, 190 Tenn. 381, 230 S.W.2d 191 (1950)." *Beal v. Doe*, 987 S.W.2d 41, 47 (Tenn. Ct. App. 1998).

*Russell v. Hackett* and *Davis v. Ballard* both held that failure to appear at trial impliedly waived trial by jury.

Making all allowances possible for the pro se status of the incarcerated Appellant, he cannot simply file an answer and then, for two years thereafter, do absolutely nothing to assert his rights by means available to him (motions, depositions, interrogatories, etc.) and depend upon the court to abandon its traditional role of impartiality by tipping the scales.

The judgment of the trial court is in all respects affirmed and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the cause are assessed to the appellant.

_____
WILLIAM B. CAIN, JUDGE

-4-