# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 15, 2015 Session

## KAREN FAY PETERSEN v. DAX DEBOE

**Appeal from the Circuit Court for Anderson County**
**No. B2LA0280     Donald R. Elledge, Judge**

---

### No. E2014-00570-COA-R3-CV-FILED-MAY 20, 2015

---

The plaintiff filed the instant action on September 28, 2012, alleging claims against the defendant of breach of contract, misrepresentation, negligent construction, and violation of the Tennessee Consumer Protection Act. Despite several attempts, the plaintiff was unable to obtain personal service of process upon the defendant. The plaintiff subsequently served process upon the defendant via registered mail pursuant to Tennessee Rule of Civil Procedure 4.04, but that mailing was returned "unclaimed." The plaintiff filed a return of service, indicating that service had been properly completed pursuant to Tennessee Rule of Civil Procedure 4.04(11). The trial court entered a default judgment in favor of the plaintiff, finding that the defendant had been properly served with process. The defendant in turn moved to set aside the default judgment, and the trial court denied that motion. The defendant has appealed. We affirm the trial court's finding that the defendant was properly served with process. However, we determine that the default judgment was improperly entered in violation of the express language contained in Tennessee Rule of Civil Procedure 4.04(10). We therefore reverse the trial court's denial of the defendant's motion to set aside the default judgment and remand this matter for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and BRANDON O. GIBSON, JJ., joined.

Dax DeBoe, Knoxville, Tennessee, Pro Se.

Jon M. Cope and Justin D. Roddye, Knoxville, Tennessee, for the appellee, Karen Fay Petersen.

## OPINION

### I. Factual and Procedural Background

The plaintiff, Karen Fay Petersen, filed the instant action against the defendant, Dax DeBoe, on September 28, 2012, in the Anderson County Circuit Court. Ms. Petersen's complaint asserted claims regarding allegedly defective home improvements performed on her residence by Mr. DeBoe. Specifically, Ms. Petersen's complaint included claims of breach of contract, misrepresentation, negligent construction, and violation of the Tennessee Consumer Protection Act. *See* Tenn. Code Ann. 47-18-101 (2013 & Supp. 2014), *et seq.* In furtherance of the action, the trial court issued a summons to Mr. DeBoe at his residential address on Evans Road in Knoxville, Tennessee. The initial summons was returned unserved, although the process server noted that several attempts at service had been made.

The trial court issued three subsequent alias summonses in November and December 2012 and January 2013, respectively. The initial two alias summonses were returned unserved, also bearing the process server's notation that multiple attempts at service had been made. Ms. Petersen's counsel mailed the third alias summons to Mr. DeBoe's residential address, as confirmed by the Knox County Trustee's Office, via registered mail. The United States Postal Service left two notices regarding this mailing at Mr. DeBoe's residence before returning the mailing to Ms. Petersen's counsel as unclaimed on March 6, 2013. Ms. Petersen's counsel then filed this third alias summons with the court, stating that Mr. DeBoe was properly served pursuant to Tennessee Rule of Civil Procedure 4.04(11).

Ms. Petersen subsequently filed a motion seeking a default judgment against Mr. DeBoe on May 29, 2013. Ms. Petersen's counsel mailed a copy of this motion and corresponding notice of hearing to Mr. DeBoe's residential address. The trial court conducted a hearing on the motion on July 1, 2013, for which Mr. DeBoe did not appear. The court granted a default judgment to Ms. Petersen and set a hearing concerning damages for July 15, 2013. During that hearing, the trial court awarded Ms. Petersen compensatory damages of $30,000 and punitive damages of $3,330. Following entry, Ms. Petersen's counsel mailed copies of the trial court's judgments to Mr. DeBoe's residential address.

On July 31, 2013, Mr. DeBoe, proceeding through counsel, filed a motion seeking to set aside the default judgment pursuant to Tennessee Rules of Civil Procedure 55.02 and 60.02. Mr. DeBoe claimed that he had only recently learned of the lawsuit after his wife received a corresponding letter at her address. Mr. DeBoe also filed an affidavit, claiming that he was never served with the complaint and had not been living at his home

2

address.  Mr. DeBoe maintained that he and his wife were separated during the relevant time period and that he was residing at a different location.

The trial court conducted a hearing on the motion, during which Mr. DeBoe appeared with counsel.  Mr. DeBoe explained that he and his wife were separated during the relevant period and that he was not living at the address listed on the summons.  Mr. DeBoe also stated that he had not requested the United States Postal Service to forward his mail because he thought his wife would deliver it to him.  She in fact had not.  According to Mr. DeBoe, he was unaware of the attempted service by mail and only learned of the lawsuit when his wife provided him a copy of the judgment awarding monetary damages.

The trial court, *inter alia*, found that Mr. DeBoe was not a credible witness.  The court specifically determined that Mr. DeBoe had ignored the mailings and was evading service of process.  Consequently, the court denied Mr. DeBoe's motion to set aside the default judgment.  Mr. DeBoe has appealed.  Although no transcript of the hearing was provided, the parties filed competing statements of the evidence pursuant to Tennessee Rule of Appellate Procedure 24.  The trial court adopted Ms. Petersen's statement as accurately reflecting what transpired at the hearing.  *See* Tenn. R. App. P. 24(e).

## II.  Issues Presented

Mr. DeBoe[1] presents the following issues for our review, which we have restated slightly:

1.  Whether the trial court abused its discretion in denying Mr. DeBoe's motion seeking to set aside the default judgment.

2.  Whether proof of service by "unclaimed" mail is effective when the mailing did not bear the proper amount of postage.

3.  Whether the summons issued on January 23, 2013, is voidable because the return from the United States Postal Service showing the mailing to be unclaimed was not sent until February 26, 2013.

4.  Whether Mr. DeBoe should be permitted to present a meritorious defense to Ms. Petersen's claims.

---

[1] Although Mr. DeBoe was represented by counsel at the trial court level, he is self-represented on appeal.

3

III. Standard of Review

Regarding review of a default judgment, this Court has previously elucidated:

> The decision to enter a default judgment is reviewed for abuse of discretion. *See Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984). Similarly, motions to set aside default judgments are addressed to the trial court's discretion. *See Moore v. Palmer*, 675 S.W.2d 192, 194 (Tenn. Ct. App. 1984); *Henson v. Diehl Machines, Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984). A trial court's denial of a motion to set aside a default judgment, like the decision to enter a judgment by default, will not be reversed absent an abuse of discretion. *See Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991); *see also Patterson*, 665 S.W.2d at 100-01. Thus, our role is to determine whether the trial court abused its discretion.
>
> A party seeking to have a lower court's holding overturned on the basis of abuse of discretion undertakes a heavy burden. The abuse of discretion standard is intended to constrain appellate review and implies "less intense appellate review and, therefore, less likelihood of reversal." *BIF v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at * 2 (Tenn. Ct. App. July 13, 1988) (no Tenn. R. App. P. 11 application filed). As a general principle, an appellate court will not reverse a decision that lies within the discretion of the trial court unless it affirmatively appears that the lower court's decision was against logic or reasoning and caused injustice to the complaining party. *See Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). The fact that a decision is discretionary with a trial court necessarily implies that the trial court has a choice of alternatives among a range of acceptable ones; the reviewing court's job is to determine whether the trial court's decision is within the range of acceptable alternatives, given the applicable legal principles and the evidence in the case. *See BIF*, 1988 WL 72409, at * 3.

*State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193-94 (Tenn. Ct. App. 2000). Further, this Court has explained:

> Trial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside. *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). They should also grant relief when the plaintiff has failed to comply with required procedural safeguards. *See Deutz-Allis Credit Corp. v. Smith*, 117

4

Idaho 118, 120, 785 P.2d 682, 684 (Idaho Ct. App. 1990).

*Nelson v. Simpson*, 826 S.W.2d 483, 485-86 (Tenn. Ct. App. 1991).

IV.  Propriety of Default Judgment

Mr. DeBoe asserts that the trial court abused its discretion in denying his motion to set aside the default judgment entered against him.  Ms. Petersen contends that service of process was properly completed pursuant to Tennessee Rule of Civil Procedure 4.04(11), and upon hearing, the trial court determined that Mr. DeBoe was evading service.  Ergo, Ms. Petersen posits that the trial court did not abuse its discretion in refusing to set aside the default judgment.  Motions seeking to set aside a default judgment are controlled by Tennessee Rule of Civil Procedure 55.02, which provides:

> For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02.

Tennessee Rule of Civil Procedure 60.02 provides for relief, "upon such terms as are just," from final judgments, orders, or proceedings based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

As our Supreme Court has previously explained:

> When relief is sought under these provisions of the rules, the defendant is invoking equitable principles.  Although it is not expressly stipulated in the rules, it is universally recognized that, as a condition to obtaining relief, the defendant, in addition to showing that his default was brought about by mistake, inadvertence or excusable neglect, must also demonstrate that he has a meritorious defense to the plaintiff's claim, except in the case in which the judgment is void.  *Seay & Shepherd v. Hughes*, 37 Tenn. 155 (1857); *Hunter v. Sheppard*, 187 Tenn. 99, 213 S.W.2d 19 (1948); *Whitson v. Johnson*, 22 Tenn. App. 427, 123 S.W.2d 1104 (1939); *Aetna Life & Cas. Co. v. Lyon*, Tex. Civ. App., 576 S.W.2d 114 (1978).

5

We approve the statement of the rule found in 35B C.J.S. Federal Civil Procedure § 1131 (1960) as follows:

"As a general rule, a default or a default judgment will not be set aside at the insistence of the defendant unless he makes a showing of a meritorious defense.

"The existence of a meritorious defense is an important consideration in determining whether or not a default or a default judgment entered against defendant should be set aside. As a general rule, a default or a default judgment will not be set aside at the insistence of defendant unless he makes a showing of a meritorious defense. Indeed, setting aside a default judgment without such showing will generally be regarded as an abuse of discretion. However, no showing of a meritorious defense is necessary to support a motion to vacate a void judgment by default.

"Where a showing of a meritorious defense is made, the court will ordinarily vacate a default judgment unless there are other circumstances present militating against such action."

*Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100-01 (Tenn. 1984).

Mr. DeBoe claims that the default judgment was improperly entered because he did not receive the mailed service of process or any other mailings sent to him by opposing counsel or the court. Mr. DeBoe testified that he was separated from his wife during the relevant time frame and was not residing at his legal residence. The trial court, however, found Mr. DeBoe's testimony not credible, further concluding that Mr. DeBoe was intentionally evading service. The court accordingly determined that Mr. DeBoe was properly served pursuant to Tennessee Rule of Civil Procedure 4.04(11). Such a determination, however, necessitates further analysis regarding entry of a default judgment. Although it is correct that unclaimed, registered mail may form the basis for a finding of proper service of process pursuant to Tennessee Rule of Civil Procedure 4.04(11), such unclaimed mail cannot provide the basis for entry of a default judgment pursuant to Tennessee Rule of Civil Procedure 4.04(10).

Tennessee Rule of Civil Procedure 4.04 provides in pertinent part:

(10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized

by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). <u>Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute.</u> If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

(11) When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

(Emphasis added.) Therefore, as subsection (10) expressly provides, a default judgment cannot be based on service of process by mail unless the return receipt is personally accepted by the defendant or persons so designated by Rule 4.04 or statute. *See, e.g., Stitts v. McGown,* No. E2005-02496-COA-R3-CV, 2006 WL 1152649 at *2 (Tenn. Ct. App. May 2, 2006); *Griffin v. Roberts*, No. M2002-01898-COA-R3-CV, 2003 WL 21805299 at *1 (Tenn. Ct. App. Aug. 7, 2003); *Pell v. City of Chattanooga*, No. E1999-01712-COA-R3-CV, 2000 WL 567821 at *4 (Tenn. Ct. App. May 9, 2000).

In the case at bar, Mr. DeBoe was served by registered mail that was returned as "unclaimed." Pursuant to the plain language of Tennessee Rule of Civil Procedure 4.04(10), such event does not establish a sufficient basis for entry of a default judgment. We conclude that because the default judgment herein was entered in violation of Tennessee Rule of Civil Procedure 4.04(10), the judgment was void and the trial court erred in failing to set it aside.

A void judgment is a judgment that is "invalid on its face because the issuing court either lacked subject matter or personal jurisdiction over the proceedings, or the judgment itself was outside of the pleadings." *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013). Further, as this Court has elucidated, "[f]ailure to adhere to the Tennessee Rules of Civil Procedure" will "result in a void judgment, when the deficiency is evident from the face of the record." *Turner v. Turner*, No. W2013-01833-COA-R3-CV, 2014 WL 3057320 at *6 (Tenn. Ct. App. July 7, 2014), perm. app. granted Nov. 20, 2014. *See also Tatum v. Tatum*, No. W2009-00566-COA-R3-CV, 2009 WL 4723370 at *4 (Tenn. Ct. App. Dec. 10, 2009) (holding that a default judgment was void when the notice sent to the defendant "did not meet the procedural safeguards of Rule 55.01."); *Frierson v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721 at *5 (Tenn. Ct. App. Feb. 28, 2008) (holding that a default judgment was void when it was issued with insufficient notice of the hearing that was evident from the certificate of service); *Decker v. Nance*, No. E2005-2248-COA-R3-CV, 2006 WL 1132048 at *3 (Tenn. Ct. App. Apr. 6, 2006) (holding that "[t]he showing of a meritorious defense is not required 'where the default judgment was procured in violation of the Rules of Civil Procedure,'" when a defendant was not given five days' notice of the hearing on the motion for default judgment as required by Tennessee Rule of Civil Procedure 55.01).

The default judgment in the case at bar was entered in violation of Tennessee Rule of Civil Procedure 4.04(10) and, pursuant to the above authority, constitutes a void judgment. Ergo, Mr. DeBoe is not required to present a meritorious defense in order to have the default judgment set aside. *See Patterson*, 665 S.W.2d at 100-01; *Decker*, 2006 WL 1132048 at *3.

Although service of process upon Mr. DeBoe was valid pursuant to Tennessee Rule of Civil Procedure 4.04(11), such service simply cannot form the basis for entry of a default judgment. Rather, the court's order denying Mr. DeBoe's motion to set aside the default judgment should be reversed and the case remanded for further proceedings.

We now address Mr. DeBoe's remaining issues presented on appeal. Mr. DeBoe argues that the service of process by mail was completely ineffective because the returned mailing demonstrated that the sufficient amount of postage was not affixed. A copy of the mailing bears a handwritten note that appears to read "due $2.55," but no evidence exists regarding who placed this notation on the envelope or why. The record reflects, however, that certain postage was affixed to the mailing, and the United States Postal Service attempted proper delivery of this item without rejecting it for improper postage. Thus, we find no merit in Mr. DeBoe's contention. Further, Mr. DeBoe asserts that the third alias summons was "voidable" because it was not timely served. Tennessee Rule of Civil Procedure 4.04(11), however, provides that service by mail is complete

upon mailing. The record reflects that mailing occurred on January 30, 2013, which was timely pursuant to Tennessee Rule of Civil Procedure 4.03 (stating that if a summons has not been served within ninety days after its issuance, "it shall be returned stating the reasons for failure to serve."). Thus, Mr. DeBoe's second and third issues are also determined to be without merit. Regarding Mr. DeBoe's fourth issue, by reason of this opinion he will be afforded sufficient opportunity to present his defenses upon the merits during the proceedings upon remand.

## V. Conclusion

For the reasons stated above, we affirm the trial court's determination that Mr. DeBoe was properly served with process in accordance with Tennessee Rule of Civil Procedure 4.04(11). We reverse, however, the trial court's denial of Mr. DeBoe's motion to set aside the default judgment and remand the case to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellee, Karen Fay Petersen.

_____
THOMAS R. FRIERSON, II, JUDGE