IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2002 Session

**GWENETH J. FREELS v. EVELYN JONES**

**Direct Appeal from the Chancery Court for Morgan County**
**No. 01-67     Hon. Frank V. Williams, III., Judge**

**FILED JANUARY 13, 2003**

**No. E2002-00895-COA-R3-CV**

---

Defendant demanded a jury in Answer but the Trial Judge ruled defendant waived right to a jury trial. On appeal, we Affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Billy P. Sams, Oak Ridge, Tennessee, for Appellant.

J. Polk Cooley, Rockwood, Tennessee, for Appellee.

**OPINION**

In this action defendant filed an Answer denying the allegations contained in the Complaint and asked for a trial by jury on all issues.

The Judgment entered recites that the Trial Judge heard the evidence and then ruled on the issues and entered Judgment. Defendant then filed a Motion for a New Trial, alleging that she had asked for a jury trial in her Answer, but was denied the same over her objection. The Court denied the Motion and stated defendant had waived her demand for a jury.

Defendant argues that she asked for a trial by jury, but admits that she participated

in the trial without a jury. She argues, however, that this does not constitute a waiver of her right to a jury trial. We have no transcript of the evidentiary hearing, nor a record of the proceeding on the Motion.

Tenn. R. Civ. P. 38 provides that a party has a right to trial by jury, but that right can be waived by the failure to demand a jury or with both parties' consent. We have previously held that a waiver of a jury demand can occur by implication, such as where a party fails to appear at trial, where a party puts improper issues before the jury causing a mistrial, or where a party allows a non-jury trial to proceed without objection. *Beal v. Doe*, 987 S.W.2d 41 (Tenn. Ct. App. 1998); *Davis v. Ballard*, 946 S.W.2d 816 (Tenn. Ct. App. 1996); *Dabora, Inc. v. Kline*, 884 S.W.2d 475 (Tenn. Ct. App. 1994); *Elkins v. Berry*, 2002 Tenn. App. Lexis 190 (Tenn. Ct. App. March 15, 2002).

The *Elkins* case is controlling authority. It involved a party who demanded a jury trial but then allowed the trial to proceed without a jury, which the Court found to constitute a waiver of the demand. *Elkins* quoted from *White v. McGinnis*, 903 F.2d 699 (9th Cir.1990), to the effect that "a party's vigorous participation in a bench trial, without so much as a mention of a jury, cannot be presumed the result of mere inadvertence, but can only be ascribed to knowledgeable relinquishment of the prior jury demand."

In this case, defendant was represented by counsel at trial, and no transcript or statement of the evidence was filed, such that there is no proof to establish that the defendant objected to proceeding to trial without a jury. The Trial Court found that defendant had waived her right to a jury trial, and absent any transcript of evidence to show otherwise, this Court must presume that the evidence would support the Trial Court's ruling. *See Turner v. Turner*, 739 S.W.2d 779 (Tenn. Ct. App. 1986). *Also see In re Linville*, 2000 Tenn. App. Lexis 787 (Tenn. Ct. App. Dec. 7, 2000). Based upon the state of this record and the authority cited, we affirm the Trial Court's ruling that the defendant waived her right to a trial by jury.

The cause is remanded with the cost of the appeal assessed to Evelyn Jones.

_____
HERSCHEL PICKENS FRANKS, J.